**REPUBLIC ROYALTY COMPANY, Relator,**

v.

**The Honorable Joe B. EVINS, Judge, 206th Judicial District Court, Hidalgo County, Texas, Respondent.**

**Pedro ALONSO, Jr., et al., Relators,**

v.

**The Honorable Micaela ALVAREZ, Judge, 139th Judicial District Court, Hidalgo County, Texas, Respondent.**

Nos. 13–96–309–CV, 13–96–319–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1996.

Rehearing Overruled Aug. 29, 1996.

---

Frank E. Weathered, Dunn & Weathered, Corpus Christi, Richard D. Sullivan, Ann Catherine Grandich, Scarromanno & Clegg, L.L.P., Houston, Ronald O. Holman, Holman, Robertson, Eldridge, Dallas, Dan C. Perry, Luke C. Kellogg, Jon Christian Amberson, Jack Paul Leon, San Antonio, Francisco J. Rodriguez, Rodriguez, Prunedo, Tovar, Enriquez & Calvillo, McAllen, Edward G. Aparicio, Aparicio & McLaren, McAllen, for Relators.

Calhoun Bobbitt, Bobbitt & Halter, San Antonio, Steven A. Fleckman, Fleckman & McGlynn, Austin, Edmundo O. Ramirez, Ellis, Koeneke & Ramirez, McAllen, Orrin Harrison, III, Sheryl L. Hopkins, Vinson & Elkins, Dallas, J. Craig Youngblood, Houston, Tracy L. Howard, John Harrell Feldt, Jon Scott Hollyfield, Vinson & Elkins, L.L.P., Houston, Reynaldo Ortiz, McAllen, Guy Stanford Lipe, Houston, J. G. Adami, Jr., Warburton, Adami, McNiell, Paisley & McGuire, Alice, Benjamin H. Sheppard, Andrew McCollam, Houston, Ralph H. Duggins, Bradley C. Poulos, Shayne D. Moses, Clifton Matthew Terrell, Cantey & Hanger, Fort Worth, Mark David Beatty, Cantey Hanger Gooch Munn & Collins, Fort Worth, Eduardo R. Rodriguez, Edward Michael Rodriguez, Rodriguez, Colvin & Chaney, Brownsville, for Real Parties in Interest.

Before SEERDEN, C.J., and CHAVEZ and RODRIGUEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

The present mandamus actions involve a dispute between two Hidalgo County district courts over jurisdiction concerning cases that have been consolidated and ordered transferred back and forth between the 139th District Court and the 370th District Court. Interconnected with this dispute is a related issue concerning the effect of the attempted disqualification of the judge of the 139th District Court. We conclude that mandamus relief is appropriate to settle the present dispute.

Republic Royalty Co. (Republic) filed the first lawsuit in December of 1994, against Shell Western E & P Inc., et al., (Shell) concerning a royalty interest under an oil and gas lease. This lawsuit was randomly assigned to the 139th District Court in Hidalgo County. In April of 1995, Pedro Alonso, Jr., et al. (Alonso) also filed a lawsuit in Hidalgo County against Fina Oil and Chemical Co., et al. (Fina) based on royalty interests under a separate oil and gas lease. The second lawsuit was randomly assigned to the 370th District Court in Hidalgo County.

On April 17, 1996, Republic filed a motion to recuse Judge Micaela Alvarez from presiding over the lawsuit in the 139th District Court on the grounds of an alleged prior association with a particular law firm. Judge Alvarez referred this motion to the presiding judge of the administrative district. However, before the motion to recuse could be acted upon, Republic and Alonso filed a motion in the 370th District Court to transfer the first lawsuit into the 370th District Court and consolidate it with the second lawsuit. Judge Noe Gonzales of the 370th District Court heard the motion on April 29, 1996, and on May 15, 1996, signed an order transferring and consolidating the lawsuits into that court.[1]

---

1. A third lawsuit, between Alonso and Shell, had been subsequently filed in the 93rd District Court in Hidalgo County, and had been transferred and consolidated with the other two lawsuits in the 370th District Court, but none of the parties to the present mandamus proceeding argue that this transfer was improper or without the permission of the parties or the judge of the 93rd

The motion to recuse, which had been referred to District Judge Joe B. Evins, was set for hearing on June 17, 1996. Although Republic attempted to withdraw the motion as moot due to the transfer of the first lawsuit to the 370th District Court, Judge Evins proceeded with the hearing and signed an order granting withdrawal of the motion "with prejudice to its refiling."

On June 21, 1996, Shell and Fina then filed in the 139th District Court a motion to transfer the consolidated cases back from the 370th District Court to the 139th District Court. Alonso and Republic then filed in the 370th District Court motions to disqualify and recuse Judge Alvarez and requesting a temporary restraining order and temporary injunction preventing Shell and Fina from urging their motion to transfer before Judge Alvarez.

On June 27, 1996, without a hearing on the motion, Judge Alvarez signed an order transferring the cases back to the 139th District Court. On that same day, the 370th District Court signed the requested temporary restraining order and on July 10, 1996, signed a temporary injunction preventing Shell and Fina from proceeding before Judge Alvarez.

Republic filed its present mandamus proceeding in this Court against Judge Evins, complaining that he abused his discretion by adding the words "with prejudice to its refiling" to his order granting withdrawal of the original motion to recuse. In addition, Alonso has filed its mandamus proceeding against Judge Alvarez, complaining that she abused her discretion in ordering the consolidated lawsuits transferred back to her court.

## ALONSO MANDAMUS

Alonso complains by its mandamus proceeding that the first lawsuit was properly transferred to the 370th District Court and that Judge Alvarez improperly attempted to regain jurisdiction by ordering it transferred back to the 139th District Court.

 Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Specifically, when one court directly interferes with the jurisdiction of the other, mandamus becomes appropriate. *See Hall v. Lawlis*, 907 S.W.2d 493 (Tex.1995); *Abor v. Black*, 695 S.W.2d 564, 567 (Tex.1985); *Sweezy Construction, Inc. v. Murray*, 915 S.W.2d 527, 530–31 (Tex.App.—Corpus Christi 1995, orig. proceeding); *see also Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974); *Hardy v. McCorkle*, 765 S.W.2d 910, 913 (Tex. App.—Houston [1st Dist.] 1989, orig. proceeding). Accordingly, when litigation becomes deadlocked because two courts are struggling for jurisdiction over the same lawsuit and actively interfering with each other's proceedings thereon, the remedy by appeal is generally inadequate and mandamus is appropriate to settle the dispute. *HCA Health Services of Texas, Inc. v. Salinas*, 838 S.W.2d 246, 248 (Tex.1992). We hold that mandamus is an appropriate remedy in the present dispute between the 139th and 370th District Courts involving this litigation.[2]

 The Texas Constitution and the Texas Government Code authorize district courts within the same county to transfer cases,

District Court. Accordingly, for purposes of the present mandamus proceeding, we consider this third lawsuit to have been properly transferred and consolidated with the second lawsuit in the 370th District Court.

2. Although we believe that the present conflict between district courts justifies mandamus relief, we also note that those courts could have first submitted this conflict to the local administrative judge for determination. In counties like Hidalgo County with multiple district courts, the local administrative judge is the officer statutorily charged with the duty of implementing and executing the local rules, including the transfer of cases between courts in that county. Tex. Gov't

Code Ann. § 74.092(1) (Vernon Supp.1996); *see Baluch v. Miller*, 774 S.W.2d 299, 300–301 (Tex. App.—Dallas 1989, orig. proceeding). In addition, the judges within that county are required to try any case assigned to them by the local administrative judge, and the district and county clerks are required to file, docket, transfer, and assign the cases as directed by the local administrative judge. Tex. Gov't Code Ann. § 74.094(b,c) (Vernon 1988). Because the local administrative judge is charged with the primary responsibility for transfer of cases within the county and implementation of the local rules, that officer is the logical arbiter between courts when conflicts of the present nature arise.

exchange benches, and to provide local rules for the administration of such transfers and exchanges. Tex. Const. art V, § 11; Tex. Gov't Code Ann. §§ 24.303, 74.093 (Vernon 1988 & Supp.1996). In addition, Texas Rule of Civil Procedure 330(e), concerning exchange and transfer between district courts, provides generally that the district judges in counties with two or more district courts having civil jurisdiction may "exchange benches or districts from time to time, and may transfer cases and other proceedings from one court to another." Accordingly, litigants do not have a protected proprietary interest in having their cases heard by a particular district judge or court within the county of filing. *Excel Corp. v. Valdez*, 921 S.W.2d 444 (Tex.App.—Corpus Christi 1996, orig. proceeding); *European Crossroads' Shopping Center, Ltd. v. Criswell*, 910 S.W.2d 45, 51 (Tex.App.—Dallas 1995, writ denied); *Starnes v. Holloway*, 779 S.W.2d 86, 97 (Tex.App.—Dallas 1989, writ denied).

These statutes and rules for transfer between courts in the same county were clearly intended as a convenience for the courts and the parties, with an underlying assumption that the courts, if not the parties, would communicate and cooperate with one another in a collegial fashion. The statutes and rules generally rely on judicial restraint and collegiality to prevent district and county courts within the same county from fighting one another for jurisdiction over a particular case. *See Excel; R.J. Gallagher Co. v. White*, 709 S.W.2d 379, 381 (Tex.App.—Houston [14th Dist.] 1986, orig. proceeding) (The *Gallagher* court acknowledged the possibility of judicial chaos created by transfers back and forth between district courts competing for the same case, though the court denied that such chaos had occurred in that case.)

Absent such collegiality among the judges of the several courts within the same county, however, there is no mechanism to prevent the present sort of transfers back and forth between courts in a dispute over jurisdiction aside from the intervention of either the local administrative judge, or the appellate court by mandamus.

■ We use an abuse of discretion standard to review the trial court's decision to transfer a case, exchange benches, or hold court for another judge. *Excel; European Crossroads'*, 910 S.W.2d at 51. A trial court abuses its discretion when it does not follow guiding rules and principles and reaches an arbitrary and unreasonable decision. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992).

■ The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974); *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926); *see also Hardy*, 765 S.W.2d at 912 (cases filed within the same county). In the present case, the first lawsuit was filed in the 139th District Court, which would therefore be the court of dominant jurisdiction. Although the lawsuit could certainly have been transferred to another court within the same county for some legitimate reason involving judicial convenience, availability, or equalization of dockets, the principle of dominant jurisdiction in the first court dictates that it not be transferred arbitrarily once a lawsuit has been randomly assigned to a particular court. To allow arbitrary transfers of this nature would undermine the random assignment system within the county and encourage improper forum or judge shopping by the parties. Many of the local rules of the various counties, including the Hidalgo County Civil Court Rules, recognize the potential for abuse and provide generally for transfer of cases to the court to which the first related lawsuit to be filed was assigned. *See Excel;* Hidalgo County Civil Court Rule 1.7A; *see also* Brazos County Local Rule 3.10(B)(5); Cameron County Local Rule 1.1(F); Dallas County Local Rule 1.1(F); Harris County Local Rule 3.2.2; Jefferson County Local Rules (unnumbered); Nueces County Local Rule 3.1; Smith County Local Rule 5(B); Webb County Local Rule 3.10.[3]

Accordingly, the transfer order entered by Judge Gonzales of the 370th District Court should have been supported by some rational basis that would favor the 370th District

---

**3.** *See generally* 1995 Texas Local Rules of Court

Court over the 139th District Court as more suited to try the present lawsuits, especially since the first lawsuit was filed in the 139th District Court.

■ The asserted reason for transfer to the 370th District Court was the pending motion to recuse Judge Alvarez in the 139th District Court. However, we conclude that the mere filing of a motion to recuse provides no rational basis for another court within the county unilaterally ordering the lawsuit transferred. Allowing the filing of a motion to recuse to serve as a basis for disregarding principles of dominant jurisdiction in the court of first filing and transferring the lawsuit to another court would effectively recuse the first judge without requiring the moving party to prove his grounds for recusal. Accordingly, we hold that the transfer of the Republic Royalty case from the 139th to the 370th District Court was an abuse of discretion.

We must now determine whether Judge Alvarez then had the discretion to transfer the consolidated lawsuit, including the original lawsuit filed in her court as well as the lawsuit filed in the 370th District Court, back to the 139th District Court.

■ Alonso initially asserts that Judge Alvarez could not have acted on the motion to transfer filed in her court while she was subject to a pending motion to recuse. However, the mere possibility of a transfer back to the 139th District Court did not make the issue of recusal of Judge Alvarez ripe for determination while the lawsuit was still pending before Judge Gonzales in the 370th District Court. Texas Rule of Civil Procedure 18a(a) provides only for recusal of "the judge before whom the case is pending." Although the first lawsuit has now been transferred back to the 139th District Court, any challenge to Judge Alvarez was not ripe for determination until such transfer back had been ordered.

■ It is fundamental that a court has no jurisdiction to render an advisory opinion on a controversy that is not yet ripe. *Camarena v. Texas Employment Comm'n,* 754 S.W.2d 149, 151 (Tex.1988); *City of Garland v. Louton,* 691 S.W.2d 603 (Tex.1985). Dis-

trict courts, under our Constitution, do not give advice or decide cases upon speculative, hypothetical or contingent situations. *Camarena,* 754 S.W.2d at 151; *Coalson v. City Council of Victoria,* 610 S.W.2d 744 (Tex. 1980). The mere possibility of a transfer of the present case back to another court in Hidalgo County because the rules provide for this type of transfer is not sufficient to permit challenges against every Hidalgo County judge to whose court the lawsuit might be transferred.

As Judge Alvarez had not yet transferred the case to her court at the time the motion to recuse was filed, it was premature and should not be considered. Moreover, even if it had been ripe, the motion to recuse was improperly filed in the 370th District Court, which itself had no authority to recuse the judge of another court under Rule 18a, and could have had no impact on Judge Alvarez's authority to entertain motions in the 139th District Court.

Because it is clear from the record that Judge Gonzales abused his discretion in transferring the first lawsuit out of the 139th District Court, we conclude that Judge Alvarez was justified in transferring the consolidated lawsuit back to her court in order to correct that initial abuse by Judge Gonzales. However, Judge Alvarez should have retained only the lawsuit originally filed in her court, and severed and returned the other lawsuits to the 370th District Court.

■ Moreover, even if Judge Alvarez had required a hearing and a proper showing before her court of reasons to transfer and consolidate the lawsuit originally filed in the 370th District Court, she had here an affirmative indication in the record of the unwillingness of the 370th District Court to release jurisdiction over the case. We conclude that the collegiality of courts and the potential chaos recognized by the *Excel* and *Gallagher* courts would discourage, and perhaps even prohibit, unilateral transfers made with the obvious disapproval of the judge from whose court the case is to be transferred, even when a rational basis for transfer might otherwise be shown.

In the present case, we conclude that in the absence of agreement between the parties or the two courts competing for jurisdiction over these cases, the present lawsuits must remain in the courts in which they were originally filed.

## REPUBLIC MANDAMUS

Republic complains by its mandamus proceeding 13–96–309–CV, that it is prevented from filing another motion to recuse Judge Alvarez based on the "with prejudice" notation in Judge Evins' order. We agree that the notation is improper and should not prevent Republic from reurging its motion to recuse at the present time.

The notation "with prejudice" is generally added to the dismissal of an affirmative claim for relief. With regard to such claims, a dismissal with prejudice has the same effect as a take-nothing judgment, and may be asserted as a bar to a subsequent action on the same claim. *State v. Narvaez*, 900 S.W.2d 846, 847 (Tex.App.—Corpus Christi 1995, no writ); *McConnell v. Attorney General of Texas*, 878 S.W.2d 281, 283 (Tex.App.—Corpus Christi 1994, no writ).

We question, however, whether the notation "with prejudice" has any place in an interlocutory order of the present nature. Interlocutory orders on matters that are collateral or incidental to the main suit do not operate as res judicata or collateral estoppel. *Texacadian Energy, Inc. v. Lone Star Energy Storage, Inc.*, 829 S.W.2d 369, 373 (Tex. App.—Corpus Christi 1992, writ denied); *Starnes v. Holloway*, 779 S.W.2d 86, 93 (Tex. App.—Dallas 1989, writ denied). The trial court retains continuing control over interlocutory orders and has the power to set those orders aside any time before a final judgment is entered. *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex.1993); *Post v. Garza*, 867 S.W.2d 88, 89 n. 1 (Tex.App.—Corpus Christi 1993, orig. proceeding).

Accordingly, the notation "with prejudice" added to the withdrawal of a motion for interlocutory relief, such as the present motion to recuse, cannot have the same sort of preclusive effect on the trial court's ability to revisit the issue later in the same proceeding that a normal dismissal of a claim with prejudice would have on a trial court's ability to entertain a subsequent lawsuit. *See Stubbs v. Patterson Dental Laboratories*, 573 S.W.2d 274, 276–77 (Tex.Civ.App.—Eastland 1978, no writ). The withdrawal or dismissal of a motion "with prejudice" is at most merely a premature indication that the trial court will not look favorably on a subsequently-filed motion asking for the same relief. However, it should not prevent a party from urging a subsequent motion if that party later believes that it is entitled to such relief.

Because in the present case Republic has failed to refile its motion to recuse Judge Alvarez, we believe that mandamus relief would be premature at this time, though it may later become appropriate if a subsequently-filed motion to recuse is incorrectly determined. Accordingly, we deny Republic's request for mandamus relief at this time.

We conditionally grant a writ of mandamus directing Judge Alvarez to sever and return to the 370th District Court the lawsuits that were not originally filed in the 139th District Court. The writ will not issue, however, unless the respondent fails to comply with the opinion of this Court.