**John Michael THULL, a/k/a John M. Thull, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–97–00170–CR.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 18, 1998.

Decided Feb. 19, 1998.

Abe Factor, Lollar & Factor, P.C., Fort Worth, for Appellant.

Curtis James Jenkins, Asst. Crim. Dist. Atty., Fort Worth, for Appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

John Thull appeals from his conviction on his guilty plea for the offense of possession of a controlled substance with intent to deliver. He pled true to enhancement paragraphs and was sentenced to sixteen years' imprisonment.

On appeal, Thull contends that the judge who held the punishment hearing and sentenced him was without jurisdiction to do so. This contention is based upon specific language apparently contained in the order appointing the judge who heard the guilt/innocence phase of the trial, which order provided that the visiting judge was to hear cases for a five-day period and to also preside over all of the subsequent hearings and motions connected with cases begun during that time. During the guilt/innocence phase of Thull's trial, Judge Fender presided, but at sentencing, Judge Davis, who had apparently been appointed for a later time period, presided. No order of appointment for either judge is contained within the appellate record.

The Court of Criminal Appeals has recently reiterated the distinction between the jurisdiction of the court and the authority of a judge to conduct that court, recognizing explicitly that trial court jurisdiction is comprised of the power of the court over the subject matter of the case, conveyed by statute or constitutional provision, coupled with personal jurisdiction over the accused. *Davis v. State*, 956 S.W.2d 555 (Tex.Crim. App.1997); *see generally Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App. [Panel Op.] 1981); *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex.Crim.App. [Panel Op.] 1980) (orig.proceeding). The attachment of jurisdiction in the trial court conveys upon that court the power to determine all essential questions "and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law." *Garcia*, 596 S.W.2d at 527–28 (citing *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1069 (1926)). After a court acquires jurisdiction of a case, that jurisdiction embraces everything in the case and every question arising which can be determined in the case, until it reaches its termination and the jurisdiction is thereby exhausted. *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641, 645 (1933); *see Garcia*, 596 S.W.2d at 528; *Fontenot v. State*, 932 S.W.2d 185, 190 (Tex.App.—Fort Worth 1996, no pet.). In the present case, Thull does not contend that the court did not have jurisdiction over this case.

The issue actually raised is whether the judge who heard the punishment portion of this case had the authority to do so. The Court of Criminal Appeals has noted that it

is a misuse of language to speak of the jurisdiction of a judge outside the realm of the jurisdiction of the court in which he sits. *Davis,* 956 S.W.2d at 557–58. So, if one speaks of the authority of the judge, one is not speaking of a jurisdictional question, but of a question of the authority of the person sitting as the judge of that court to act.

Clearly, a judge must have authority to preside over a case. *Johnson v. State,* 869 S.W.2d 347, 349 n. 5 (Tex.Crim.App. 1994). If a judge is disqualified by constitution or statute, it is not that the judge had no jurisdiction, but that the judge had no authority to act. If a putative judge does not have the prescribed qualifications to act or if a judge was disqualified because of relationship to the case or a party, then that judge had no authority, and his actions are a nullity and no objection is required to raise it on appeal. If, however, the complaint is that a statutory procedure was not followed in appointing that individual to act as the judge, the error is not void, but voidable, and must therefore be raised by objection or complaint to be preserved for appellate review. *Davis,* 956 S.W.2d at 559.

In the present case, the sole argument raised is that Judge Davis, who heard the punishment phase of this case, had no authority to conduct the proceeding because he was not the judge who had been appointed for the time period during which the guilt/innocence phase of the case was conducted. Thull does not contend that Judge Davis was disqualified,[1] nor does he argue that Davis had failed to take the constitutionally required oath of office.[2]

The record before this Court does not contain the orders appointing either of the two judges. We cannot review contentions which depend upon factual assertions outside the record. *Franklin v. State,* 693 S.W.2d 420, 431 (Tex.Crim.App.1985); *Rodriguez v. State,* 903 S.W.2d 405, 410 (Tex. App.—Texarkana 1995, pet. ref'd). Mere assertions in a brief not supported by evidence in the record will not be considered on appeal. *Janecka v. State,* 937 S.W.2d 456, 476

(Tex.Crim.App.1996). In any event, this is a procedural issue that must be raised by objection to be preserved for appellate review. *Davis,* 956 S.W.2d at 559.

Further, this Court has previously held in a civil context that a party's failure to timely object to an assigned judge waives his complaint. *In re Hidalgo,* 938 S.W.2d 492, 499 (Tex.App.—Texarkana 1996, no writ). The same rule of law applies to similar complaints in a criminal context. Thus, in the absence of a timely complaint, this claim of error has been waived.

The judgment is affirmed.

---

1. *See Ex parte Vivier,* 699 S.W.2d 862 (Tex.Crim.App.1985)(orig.proceeding).

2. *French v. State,* 572 S.W.2d 934, 939 (Tex.Crim.App.1978)(opinion on reh'g).