COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-076-CV
 
JOHN DAVIS       
           
           
           
           
           
        APPELLANT
V.
CRIST INDUSTRIES, INC.       
           
           
           
           
    APPELLEE
------------
FROM THE 352
ND DISTRICT
COURT OF TARRANT COUNTY
------------
OPINION
------------
John Davis appeals from a
take-nothing judgment rendered in favor of Crist Industries, Inc. In his sole
point on appeal, Davis contends that the trial judge had no authority or
jurisdiction to preside over the final days of trial in this case because a
visiting judge assigned to her court began the trial. We will affirm.
The duly elected and
sworn judge of the 352nd District Court is the Honorable Bonnie
Sudderth. On September 17, 2001, the Honorable William Brigham was assigned to
Judge Sudderth's court by the Honorable Bob McCoy, Acting Presiding Judge of the
Eighth Administrative Judicial Region of Texas. (1)
The assignment order provides in pertinent part,

 Pursuant to Section 74.056, Texas
 Government Code, I assign the Honorable William Brigham, Senior Court of
 Appeals Judge to the 352nd District Court, Tarrant County, Texas.
 This assignment is for the period
 beginning October 1st, 2001 and ending October 5th,
 2001, provided that the assignment shall continue thereafter so long as may be
 necessary for the assigned judge to complete trial of any cause begun during
 such period, and to pass on motions for new trial and all other matters
 growing out of any cause heard by the assigned judge during such period.

 
The trial of this case began on Wednesday,
October 3, 2001, with Judge Brigham presiding. A jury was selected and appellee
Crist Industries, Inc., plaintiff below, began the presentation of its evidence.
On the afternoon of October 5, the court recessed for the weekend.
On the following Monday, October 8, 2001,
the trial resumed with Judge Sudderth presiding. (2)
Neither party objected to Judge Sudderth sitting in the case.
On October 9, 2001, the defense rested,
final arguments were made, and the case was submitted to the jury. The jury
returned a take-nothing verdict the same day and judgment was rendered on the
verdict. Davis timely moved for a new trial and then filed an untimely
supplemental motion for new trial without leave of court, alleging the error
presented in this appeal. The motion for new trial was overruled by operation of
law and Davis filed this appeal.
Davis contends that Judge
Sudderth had no authority to preside over the final two days of the trial of the
case because Judge Brigham had exclusive authority and jurisdiction to try the
case to conclusion in accordance with the assignment order. Therefore, Davis
urges Judge Sudderth's actions were a nullity and resulted in the rendition of a
void judgment.
The presiding judge of an administrative
region is authorized to assign judges in the region to "try cases and
dispose of accumulated business." (3)
Generally, visiting judges are assigned either to a particular case or for a
period of time. (4)
The terms of the assignment order controls the extent of the visiting judge's
authority and when it terminates. (5)
Typical assignment orders provide that the visiting judge's authority terminates
on a date specified in the assignment order, or upon the occurrence of a
specific event such as the signing of a judgment or ruling on a motion for new
trial. (6)
Here, the assignment order did not assign
Judge Brigham to a particular case in the 352nd District Court.
Instead, the order authorized Judge Brigham to sit on the court for the period
of time between October 1, 2001 and October 5, 2001 and to complete any trial
begun during this period. Because the trial of this case began during Judge
Brigham's assigned time period, Judge Brigham was authorized by the terms of the
order to complete the trial of the case. (7)
Contrary to Davis's contention, however,
Judge Brigham did not have "exclusive" authority or
"jurisdiction" to try the case. Under the Texas Constitution and the
rules of civil procedure, more than one judge may exercise authority over a
single case. (8)
Absent language in Judge Brigham's assignment order specifically assigning him
to the case, Judge Sudderth had the authority to complete the trial of the case
in Judge Brigham's absence. (9)
The terms of Judge Brigham's order did not preclude Judge Sudderth from
exercising authority over the case when expedient. (10)
Further, Davis's challenge to Judge
Sudderth's authority to act in this case does not present a jurisdictional
issue, but, instead, presents a question about the authority she had as
the judge of the court to try the case. A judge does not have jurisdiction over
a case outside the realm of the jurisdiction of the court in which she sits.
(11) If a judge is
disqualified by constitution or statute, it is not that the judge had no
jurisdiction, but that the judge had no authority to act. If a putative judge
does not have the prescribed qualifications to act or if a judge is disqualified
because of relationship to the case or a party, then that judge has no
authority, and her actions are a nullity. (12)
If, however, the complaint is that the judge acted in a case without statutory
or procedural authority, the alleged error is not void, but voidable, and must
therefore be raised by objection or complaint to be preserved for appellate
review. (13)
Davis does not contend that the 352nd
District Court did not have
jurisdiction over this case or that Judge Sudderth was disqualified to sit as a
judge in the case. Because neither the court's jurisdiction nor Judge Sudderth's
qualifications are challenged, Davis's complaint raises only voidable error and
is, therefore, waived because it was not raised by timely objection.
(14)
Finally, Davis argues that our decision in
In re Cook Children's Medical Center, 33 S.W.3d 460 (Tex. App.--Fort
Worth 2000, orig. proceeding) is controlling and requires that
we declare Judge Sudderth's actions void. In Cook, Judge Paul Enlow,
the then duly elected and sworn judge of the 141st District Court,
Tarrant County, Texas, assumed authority over a case filed in his court after
Judge Bob McCoy, who was assigned to Judge Enlow's court under an assignment
order identical to the order here, entered an order dismissing the case. Judge
Enlow overturned Judge McCoy's order and reinstated the case. In conditionally
granting the relator's petition for writ of mandamus, we concluded, "Judge
McCoy's jurisdiction under the assignment order was exclusive
until it terminated by the terms of the assignment order."
(15) We, therefore,
held that Judge Enlow's actions "in taking the case back and withdrawing
Judge McCoy's orders were void." (16)
On reexamination of Cook, we
conclude that it was wrongly decided and should be overruled. The cases on which
we relied in holding that Judge Enlow's actions were "void" because
Judge McCoy had "exclusive jurisdiction" either involved the
unilateral transfer of a case by one court to another court,
(17) or action taken on a case by an assigned judge after his
authority under an assignment order had ceased. (18)
However, neither situation existed in Cook; Judge Enlow was not acting
under the authority of an assignment order and the case over which he exercised
his authority was not transferred to his court from another court. Thus, our
reliance on De Zavala and Roberts was misplaced.
The real question in Cook was
not, as we phrased it, whether Judge McCoy, as visiting judge, had
"exclusive jurisdiction" over the case under the terms of his
assignment order, but whether the assignment order gave Judge McCoy exclusive authority
over the case. We do not believe it did for the same reasons we have held that
Judge Brigham did not have exclusive authority over this case under the terms of
his assignment order. Just as Judge Brigham's order did not preclude Judge
Sudderth from exercising her authority as judge of the 352nd District
Court to complete the trial of this case, the terms of Judge McCoy's assignment
order did not, alone, preclude Judge Enlow as judge of the 141st
District Court from exercising his authority over the case in Cook.
While Judge Enlow's actions may have constituted an abuse of discretion under
the circumstances in Cook, (19) they
were not void for want of jurisdiction or authority. Therefore, we overrule Cook
to the extent it conflicts with this opinion.
We overrule Davis's sole point and affirm
the trial court's judgment.
 
JOHN CAYCE
CHIEF JUSTICE
 
PANEL B: CAYCE, C.J.; GARDNER and WALKER,
JJ.
[Delivered January 23, 2003]

1. Judge McCoy is the judge of the 48th
District Court, Tarrant County, Texas and was acting for the Honorable Jeff
Walker, judge of the 96th District Court, Tarrant County, Texas, and
Presiding Judge of the Eighth Administrative Judicial Region.
2. The record does not show why Judge Brigham did not
appear to resume the trial.
3. Tex. Gov't Code Ann. § 74.056(a) (Vernon 1998). A
judge assigned under this statute has all the powers of the presiding judge of
the court to which he or she is assigned. Taiwan Shrimp Farm Village Ass'n
v. U.S.A. Shrimp Farm Dev., Inc., 915 S.W.2d 61, 67 (Tex. App.--Corpus
Christi 1996, writ denied).
4. In re
Republic Parking Sys., Inc., 60 S.W.3d 877, 879 (Tex. App.--Houston [14th
Dist.] 2001, orig. proceeding); see In re Canales, 52 S.W.3d 698, 700
(Tex. 2001) (orig. proceeding) (noting that visiting judge was first assigned by
general assignment and later by specific assignment).
5. Ex parte
Eastland, 811 S.W.2d 571, 572 (Tex. 1991) (orig. proceeding).
6. Beard v.
Beard, 49 S.W.3d 40, 49 (Tex. App.--Waco 2001, pet. denied).
7. Ex parte
Holland, 807 S.W.2d 827, 829 (Tex. App.--Dallas 1991, orig. proceeding
[writ dism'd w.o.j]) (holding, under similar assignment order, that authority of
assigned judge expired with his plenary power over final judgment).
8. See Tex.
Const. art. V, § 11 (district judges may exchange districts or hold court for
each other when they deem it expedient); see also Tex. R. Civ. P.
330(e) (judges in counties with two or more district courts may, in their
discretion, exchange benches or districts).
9. If Judge
Brigham had been specifically assigned to preside in this case, however, his
assignment would give him exclusive authority over the case and would have to be
withdrawn before Judge Sudderth or any other judge could do so. See Republic
Parking Sys., Inc., 60 S.W.3d at 879.
10. See Tex.
Const. art. V, § 11; cf. Beard, 49 S.W.3d at 50 (assignment of one
judge does not necessarily terminate the authority of a judge who was assigned
earlier and whose assignment remains in effect).
11. Thull
v. State, 963 S.W.2d 879, 880-81 (Tex. App.--Texarkana 1998, no pet.).
12. Id.
at 881.
13. Id.;
see Randel v. State, 153 Tex. Crim. 282, 219 S.W.2d 689, 691-92 (1949)
(complaint about transfer of case from one judge to another was waived where no
objection was made at trial).
14. See
Thull, 963 S.W.2d at 881; see also Tex. R. App. P. 33.1(a); Randel,
219 S.W.2d at 691-92.
15. 33 S.W.3d
at 463 (emphasis supplied).
16. Id. (emphasis
supplied).
17. See De Zavala v. Scanlan, 65 S.W.2d
489, 494 (Tex. 1933).
18. See
Roberts v. Ernst, 668 S.W.2d 843, 846 (Tex. App.--Houston [1st
Dist.] 1984, orig. proceeding).
19. The constitution, statutes, and rules authorizing
multiple judges to exercise authority over a single case rely upon
judicial restraint and the assumption that judges will "communicate and
cooperate with one another in a collegial fashion." Republic Royalty
Co. v. Evins, 931 S.W.2d 338, 342 (Tex. App.--Corpus Christi 1996, orig.
proceeding).