v03252.ord








 

 


NUMBER 13-04-00081-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG



IN RE: CHRISTUS SPOHN HEALTH SYSTEM CORPORATION

A/K/A SPOHN KLEBERG MEMORIAL HOSPITAL 



On Petition for Writ of Mandamus and 

Motion for Emergency Temporary Relief



MEMORANDUM OPINION


Before Justices Hinojosa, Yañez and Castillo 

Opinion Per Curiam



Relator, Christus Spohn Health System Corporation a/k/a Spohn Kleberg Memorial
Hospital, filed a petition for writ of mandamus requesting that this Court direct the
respondent, the Honorable J. Manuel Banales, presiding judge of the 105th Judicial District
Court of Kleberg County, Texas, to vacate his order, dated January 23, 2004, in Cause No.
02-644-D, denying relator's motion to dismiss. Relator also filed a motion for emergency
temporary relief requesting that this Court stay any and all proceedings in the underlying
suit pending our review of the petition for writ of mandamus. See Tex. R. App. P. 52.10(a).

 Relator asserts that the trial court abused its discretion in denying its motion to
dismiss because the record conclusively establishes that the expert report filed by the real-party-in-interest failed to comply with article 4590i of the Texas Revised Civil Statutes.
Following a hearing on relator's motion to dismiss, and real-party-in-interest's Motion for
Additional Time to Amend Plaintiff's Expert's Report, the trial court denied both motions,
concluding that the expert report was adequate. 

 Mandamus will issue only to correct a clear abuse of discretion when there is no
adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). A trial
court abuses its discretion when it does not follow guiding rules and principles and reaches
an arbitrary and unreasonable decision. Walker, 827 S.W.2d at 839; Republic Royalty Co.
v. Evins, 931 S.W.2d 338, 342 (Tex. App.--Corpus Christi 1996, orig. proceeding). 

 Based on the record before us, we conclude that relator has failed to show that the
trial court clearly abused its discretion and that relator has no adequate remedy by appeal. 
See In re Woman's Hospital of Texas, Inc., No. 02-0748, 2004 Tex. LEXIS 196 (March 5,
2004) (concurring in part and dissenting in part to denial of petitions for writ of mandamus). 
Accordingly, relator's petition for mandamus is denied, and relator's motion for emergency
temporary relief is dismissed as moot. 

 PER CURIAM

 

Opinion delivered and filed

this 10th day of March, 2004.