**In re AMFELS, INC. and U.S. Silica Company.**

**In re Badger Mining Corporation.**

**Nos. 13–04–064–CV, 13–04–068–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 16, 2004.

Chester J. Makowski, Keith N. Uhles, Royston Rayzor Vickery & Williams LLP, Henry S. Platts Jr., David E. Sharp, Beirne Maynard & Oarsons, Houston, David C. Garza, Garza & Garza, Brownsville, for Relators in cause No. 13-04-064-CV.

Richard P. Hogan, Jr., Jennifer Brunch Hogan, Hogan & Hogan, Houston, R. Patrick Rodriguez, Eduardo R. Rodriguez, Rodriguez Colvin & Chaney, Brownsville, L. John Argento, Cathy R. Gordon, Dickie McCamey & Chilcote PC, Pittsburgh, PA,

Neil E. Norquest, Chris A. Brisack, Norquest & Brisack, McAllen, for Relators in cause No. 13-04-068-CV.

Paul O. Wickes, Clinton D. Howie, Dallas, David Craig Landin, Lori M. Elliott, Hunton & Williams, Richmond, VA, Barbara J. Barron, Mehaffy Weber, Beaumont, TX, Cynthia H. Smith, Adam T. Fox, William C. Dowdy, Strasburger & Price LLP, Dallas, Ricardo R. Reyna, Brock & Person, San Antonio, Carl R. Dawson, Ryan & Dawson, Houston, Robert J. Rose Sr., Timaeus & Rose, Beaumont, W. Bruce Williams, Cotton Bledsoe Tighe & Dawson, Midland, Hubert A. Crouch, III, Crouch & Ramey LLP, Dallas, Michael R. Walzel, Stevens Baldo & Freeman, Beaumont, Jeffrey K. Gordon, Austin, Gregory M. Sullivan, John D. Cleland, Andrews & Kurth, Houston, Teri L. Danish, Norton A. Colvin, Jr., Rodriguez Colvin & Chaney, Brownsville, Joe Michael Dodson, Dodson Law Offices PC, Beaumont, Dulcie Green Wink, Haynes & Boone, Houston, Steve A. Bryant, Steve A. Bryant & Associates PC, Houston, Dale M. Holdy, Houston, Terence M. Murphy, Jones Day Reavis & Pogue, Dallas, Hubert Oxford III, Beckenstein & Oxford, Beaumont, Christopher Groves, Dallas, John R. Robinson, Johnson & Sylvan PC, Dallas, A. E. Pletcher, Huseman & Pletcher, Corpus Christi, Kenneth E. McKay, Locke Liddell & Sapp, Houston, Armando R. Villalobos, The Villalobos Law Office, Brownsville, J. A. Magallanes, Gilberto Hinojosa, Magallanes Hinojosa & Mancias, Brownsville, H. Hudson Henley, Geoff Justin Henley, Henley & Henley, Dallas, Eva D. Geer, Meyer Knight & Williams, Houston, George Jerome Kacal, Chris C. Pappas, Dunn Kacal Adams Pappas & Law, Houston, Jack Burton Manning, Douglas Todd Gosda, William J. Cozort, Manning Gosda and Arredondo, Houston, Paul J. Holmes, Attorney At Law, Pamela J.

Williams, William B. Coffey, Ellen G. Reynard, Adams & Coffey, Beaumont, Lynne Ford, Phillips & Akers, Houston, Curt Webb, Beck Redden & Secrest, Houston, Erin H. Patterson, Adams & Reese, Houston, Shawn R. Redman, Brown Sims PC, Houston, Jerry Parker, Sammons & Parker, Tyler, Kent M. Adams, Adams Coffey & Duesler, Beaumont, Edward J. Hennessy, Hennessy Gardner & Barth, Houston, R. Stephen Ferrell, Giessel Barker & Lyman, Houston, Andrews S. Oretsky, Davis Oretsky & Guilfoyle, Clinton E. Phillips, Johnson Ferguson Pipkin & Phillips, Houston, William M. Tinsley, Funderburk & Funderburk LLP, Thomas B. Taylor, Taylor & Warren, Houston, Patrick M. Martinez, Hermansen McKibben Woolsey & Villarreal, Corpus Christi, Ryan A. Beason, Spain Hastings willingham Beason & Ward, Jeffrey J. Shaver, Sammons & Parker, David Brill, Brill & Associates PC, Houston, John Parsons, Attorney At Law, Dallas, Jeffrey D. Roberts, Roberts Markel Guerry, Houston, M. Scott Pyle, Attorney At Law, Thomas W. Tardy III, Dallas, Boyd Wells, Wells Peyton Greenberg & Hunt, Beaumont, Frank N. Luccia, Luccia & Evans, Deborah A. Newman, Roger H. Nebel, Forman Perry Watkins Krutz & Tardy, Sharla J. Frost, Powers & Frost LLP, Cathryn A. Adams, Luccia & Evans, Houston, Robert E. Thackston, Stephanie L. Spardone, Hawkins Parnell & Thackston, James H. Powers, Powers & Frost LLP, Houston, Charles A. Green, Timothy Ammons, Cowles & Thompson, Dallas, Ewing Edben Sikes, Royston Razor Vickery & Williams, Brownsville, Robert G. Newman, Cortlan Maddux, Fulbright & Jaworski, C. Thomas Valentine, Daw & Ray, Houston, for Real Parties In Interest.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and GARZA.

## OPINION

Opinion by Justice RODRIGUEZ.

The present mandamus actions involve a dispute between Cameron County district courts over jurisdiction concerning silicosis cases ordered transferred between the 197th District Court and the 138th and 404th District Courts. Interconnected with this dispute are numerous issues involving other district courts in Cameron County. Because we conclude the present conflict and all related issues should have been submitted to the local administrative judge for determination, we deny all relief requested.

### I. Background

On May 30, 2003, ten silicosis lawsuits were filed in Cameron County. The clerk assigned the suits to six district courts. On January 7, 2004, citing local rule 1.1(e), the Honorable Migdalia Lopez, presiding judge of the 197th District Court, ordered all cases transferred to her court apparently on the basis that the case filed in her court was the earliest filed, thus all others should be transferred there.[1] The Honorable Robert Garza, presiding judge of the 138th District Court, and the Honorable Abel C. Limas, presiding judge of the 404th District Court, refused to transfer their cases to the 197th District Court because they neither authorized nor agreed to the transfers.

On February 6, 2004, relators, Amfels, Inc. and U.S. Silica Company, filed a petition for writ of mandamus in which they requested this Court to direct respondents,

---

1. We note that the January 7, 2004 order is titled "Order Granting Defendant's Motion to Consolidate." Nonetheless, based on the issues presented and on our review of the documents in this case, we construe the order to be a transfer order. *Compare* Cameron County Local Rule 1.1(e) *with* Cameron County Local Rule 1.1(f).

Judge Garza of the 138th District Court and Judge Limas of the 404th District Court, to vacate as void all orders they had issued in cause numbers 2003–05–2777–B and 2003–05–2778–G subsequent to the transfer and consolidation of those cases in the 197th District Court by order dated January 7, 2004; to transfer their cases to the 197th District Court; and to cease interfering with the jurisdiction of the 197th District Court. Relators, Amfels and U.S. Silica, also filed a motion for emergency stay in which they requested this Court to stay all proceedings in each of the ten lawsuits pending our review of their petition.

On February 9, 2004, relator, Badger Mining Corporation, filed a petition for writ of mandamus wherein it asked this Court to direct respondents, Judge Garza and Judge Limas, to recognize the dominant jurisdiction of the 197th District Court over the related cases and to withdraw orders entered by those courts after January 7, 2004. Relator, Badger Mining, also filed a motion for an emergency stay order in which it requested this Court to stay all proceedings other than those in the 197th District Court pending a resolution of its mandamus. On that same day we granted emergency relief and ordered all proceedings stayed until further order of this Court. *See* Tex.R.App. P. 52.10(a), (b).

On February 20, 2004, real parties in interest, the plaintiffs below, filed their response to the above referenced petitions. Real parties in interest also filed a cross petition for writ of mandamus asking this Court to order Judge Lopez, presiding judge of the 197th District Court, to vacate her January 7, 2004 order; to order each case be assigned to the court of its original assignment, except for those cases transferred from the 357th District Court to the 107th District Court on the basis of voluntary recusal; and to order the 197th District Court to cease interfering with the jurisdiction of cases filed in the other district courts.

## II. Analysis

Although the present conflict could have been reached by way of a mandamus proceeding, we believe the better approach, in this instance, is for the parties to present this conflict to the local administrative judge for determination.[2] *See Republic Royalty Co. v. Evins*, 931 S.W.2d 338, 341 & 341 n. 2 (Tex.App.-Corpus Christi 1996) (orig.proceeding). In *Republic Royalty* we determined mandamus was proper because litigation had become "deadlocked because two courts [were] struggling for jurisdiction over the same lawsuit and actively interfering with each other's proceedings thereon." *See id.* at 341. In the proceeding before us, not only do we have a deadlock between three courts challenging transfer orders, we also have a myriad of sub-issues involving three additional courts.

The parties are asking this Court to review jurisdiction issues relevant to ten silicosis cases[3] originally assigned to six district courts. Three Cameron County district courts, the 197th, the 138th and the 404th District Courts, are struggling

---

**2.** Real parties in interest indicated in their briefing to this Court that they did forward correspondence to all parties and judges suggesting they apprise the local administrative judge of the controversy in an attempt to reach a compromise in light of *Republic Royalty v. Evins*, 931 S.W.2d 338 (Tex.App.-Corpus Christi 1996) (orig.proceeding). Ap-

parently relators responded to this correspondence by seeking mandamus relief from this Court.

**3.** The ten lawsuits were filed by a total of approximately 700 plaintiffs against approximately eighty defendants.

for jurisdiction of cases that have been ordered transferred from one court to another. The 103rd District Court, however, apparently agreeing with the January 7 order, transferred its cases to the 197th District Court. In addition, although there is no order in the record, a docket entry sets out that the judge of yet another court, the 357th District Court, recused himself and transferred his cases to the 107th District Court where the local administrative judge, the Honorable Benjamin Euresti, presides. Judge Euresti, who now has four cases in his court, two by assignment and two by transfer, has not yet taken a position on the January 7 transfer order. Moreover, without the transfer issues being resolved, the record and briefing in this proceeding reveals that there have been, among other things, default judgments entered, motions for new trial filed and argued, motions to transfer venue filed, and mediation ordered in various cases.

In Cameron County, a county with multiple district courts, the local administrative judge is statutorily charged with implementing and executing "the local rules of administration, including ... transfer ... of cases." TEX. GOV'T CODE ANN. § 74.092(1) (Vernon 1998). In addition, the local administrative judge is required to "supervise the expeditious movement of court caseloads, subject to local, regional, and state rules of administration." *Id.* § 74.092(5). "Because the local administrative judge is charged with the primary responsibility for transfer of cases within the county and implementation of the local rules, that officer is the logical arbiter between courts when conflicts of the present nature arise." *Republic Royalty*, 931 S.W.2d at 341 n. 2. Moreover, the local administrative judge is in the best position to interpret the Cameron County local rules, specifically rule 1.1, the interpretation of which is relevant to the disposition of the issues presented. *See* Cameron County Local Rule 1.1. Therefore, pursuant to subsections (1) and (5) of section 75.092 and subsections (b) and (c) of section 74.094 of the government code, we conclude that the proper remedy in this case is for the parties to present the conflicts at issue to the administrative judge. *See* TEX. GOV'T CODE ANN. §§ 74.092(1) & (5) (Vernon 1998) (local administrative judge shall implement and execute local administration rules including transfer and shall supervise expeditious movement of court caseloads), 74.094(b) & (c) (Vernon Supp.2004) (clerk shall transfer cases as directed by local administrative judge, and judges shall try any case assigned by local administrative judge).

## III. Conclusion

Having reviewed the petitions for writ of mandamus, the response and the cross petition for writ of mandamus, this Court hereby denies the petitions and cross petition for writ of mandamus. Furthermore, we vacate our stay order issued on February 9, 2004.