COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


NUMBER 13-04-064-CV



IN RE: AMFELS, INC. AND U.S. SILICA COMPANY


___________________________________________________________________


NUMBER 13-04-068-CV



IN RE: BADGER MINING CORPORATION


___________________________________________________________________


On Petitions for Writ of Mandamus


__________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Garza


Opinion by Justice Rodriguez


 The present mandamus actions involve a dispute between Cameron County
district courts over jurisdiction concerning silicosis cases ordered transferred between
the 197th District Court and the 138th and 404th District Courts. Interconnected
with this dispute are numerous issues involving other district courts in Cameron
County. Because we conclude the present conflict and all related issues should have
been submitted to the local administrative judge for determination, we deny all relief
requested.

I. Background

 On May 30, 2003, ten silicosis lawsuits were filed in Cameron County. The
clerk assigned the suits to six district courts. On January 7, 2004, citing local rule
1.1(e), the Honorable Migdalia Lopez, presiding judge of the 197th District Court,
ordered all cases transferred to her court apparently on the basis that the case filed in
her court was the earliest filed, thus all others should be transferred there. (1) The
Honorable Robert Garza, presiding judge of the 138th District Court, and the Honorable
Abel C. Limas, presiding judge of the 404th District Court, refused to transfer their
cases to the 197th District Court because they neither authorized nor agreed to the
transfers.

 On February 6, 2004, relators, Amfels, Inc. and U.S. Silica Company, filed a
petition for writ of mandamus in which they requested this Court to direct
respondents, Judge Garza of the 138th District Court and Judge Limas of the 404th
District Court, to vacate as void all orders they had issued in cause numbers 2003-05-2777-B and 2003-05-2778-G subsequent to the transfer and consolidation of those
cases in the 197th District Court by order dated January 7, 2004; to transfer their
cases to the 197th District Court; and to cease interfering with the jurisdiction of the
197th District Court. Relators, Amfels and U.S. Silica, also filed a motion for
emergency stay in which they requested this Court to stay all proceedings in each of
the ten lawsuits pending our review of their petition.

 On February 9, 2004, relator, Badger Mining Corporation, filed a petition for writ
of mandamus wherein it asked this Court to direct respondents, Judge Garza and
Judge Limas, to recognize the dominant jurisdiction of the 197th District Court over
the related cases and to withdraw orders entered by those courts after January 7,
2004. Relator, Badger Mining, also filed a motion for an emergency stay order in
which it requested this Court to stay all proceedings other than those in the 197th
District Court pending a resolution of its mandamus. On that same day we granted
emergency relief and ordered all proceedings stayed until further order of this Court. 
See Tex. R. App. P. 52.10(a), (b).

 On February 20, 2004, real parties in interest, the plaintiffs below, filed their
response to the above referenced petitions. Real parties in interest also filed a cross
petition for writ of mandamus asking this Court to order Judge Lopez, presiding judge
of the 197th District Court, to vacate her January 7, 2004 order; to order each case
be assigned to the court of its original assignment, except for those cases transferred
from the 357th District Court to the 107th District Court on the basis of voluntary
recusal; and to order the 197th District Court to cease interfering with the jurisdiction
of cases filed in the other district courts.


II. Analysis

 Although the present conflict could have been reached by way of a mandamus
proceeding, we believe the better approach, in this instance, is for the parties to
present this conflict to the local administrative judge for determination. (2) See Republic
Royalty Co. v. Evins, 931 S.W.2d 338, 341 & 341 n.2 (Tex. App.-Corpus Christi
1996) (orig. proceeding). In Republic Royalty we determined mandamus was proper
because litigation had become "deadlocked because two courts [were] struggling for
jurisdiction over the same lawsuit and actively interfering with each other's
proceedings thereon." See id. at 341. In the proceeding before us, not only do we
have a deadlock between three courts challenging transfer orders, we also have a
myriad of sub-issues involving three additional courts.

 The parties are asking this Court to review jurisdiction issues relevant to ten
silicosis cases (3) originally assigned to six district courts. Three Cameron County district
courts, the 197th, the 138th and the 404th District Courts, are struggling for
jurisdiction of cases that have been ordered transferred from one court to another. 
The 103rd District Court, however, apparently agreeing with the January 7 order,
transferred its cases to the 197th District Court. In addition, although there is no
order in the record, a docket entry sets out that the judge of yet another court, the 
357th District Court, recused himself and transferred his cases to the 107th District
Court where the local administrative judge, the Honorable Benjamin Euresti, presides. 
Judge Euresti, who now has four cases in his court, two by assignment and two by
transfer, has not yet taken a position on the January 7 transfer order. Moreover,
without the transfer issues being resolved, the record and briefing in this proceeding
reveals that there have been, among other things, default judgments entered, motions
for new trial filed and argued, motions to transfer venue filed, and mediation ordered
in various cases. 

 In Cameron County, a county with multiple district courts, the local
administrative judge is statutorily charged with implementing and executing "the local
rules of administration, including . . . transfer . . . of cases." Tex. Gov't Code Ann.
§ 74.092(1) (Vernon 1998). In addition, the local administrative judge is required to
"supervise the expeditious movement of court caseloads, subject to local, regional, and
state rules of administration." Id. §74.092(5). "Because the local administrative judge
is charged with the primary responsibility for transfer of cases within the county and
implementation of the local rules, that officer is the logical arbiter between courts
when conflicts of the present nature arise." Republic Royalty, 931 S.W.2d at 341
n.2. Moreover, the local administrative judge is in the best position to interpret the
Cameron County local rules, specifically rule 1.1, the interpretation of which is relevant
to the disposition of the issues presented. See Cameron County Local Rule 1.1. 
Therefore, pursuant to subsections (1) and (5) of section 75.092 and subsections (b)
and (c) of section 74.094 of the government code, we conclude that the proper
remedy in this case is for the parties to present the conflicts at issue to the
administrative judge. See Tex. Gov't Code Ann. §§ 74.092(1) & (5) (Vernon 1998)
(local administrative judge shall implement and execute local administration rules
including transfer and shall supervise expeditious movement of court caseloads),
74.094(b) & (c) (Vernon Supp. 2004) (clerk shall transfer cases as directed by local
administrative judge, and judges shall try any case assigned by local administrative
judge).

III. Conclusion

 Having reviewed the petitions for writ of mandamus, the response and the cross
petition for writ of mandamus, this Court hereby denies the petitions and cross petition
for writ of mandamus. Furthermore, we vacate our stay order issued on February 9,
2004.

 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed

this 16th day of March, 2004. 
1. We note that the January 7, 2004 order is titled "Order Granting Defendant's Motion
to Consolidate." Nonetheless, based on the issues presented and on our review of the
documents in this case, we construe the order to be a transfer order. Compare Cameron
County Local Rule 1.1(e) with Cameron County Local Rule 1.1(f).
2. Real parties in interest indicated in their briefing to this Court that they did forward
correspondence to all parties and judges suggesting they apprise the local administrative judge
of the controversy in an attempt to reach a compromise in light of Republic Royalty v. Evins,
931 S.W.2d 338 (Tex. App.-Corpus Christi 1996) (orig. proceeding). Apparently relators
responded to this correspondence by seeking mandamus relief from this Court.
3. The ten lawsuits were filed by a total of approximately 700 plaintiffs against
approximately eighty defendants.