**Opinion filed August 30, 2019**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-17-00358-CR & 11-17-00359-CR

_____

## PRISCILLA ANN DELATORRE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause Nos. CR14824 & CR14825**

## M E M O R A N D U M   O P I N I O N

Appellant entered open pleas of guilty to two offenses: the third-degree felony offense of tampering with physical evidence (Cause No. 11-17-00358-CR) and the state jail felony offense of theft of property valued at less than $2,500 (with two prior convictions) (Cause No. 11-17-00359-CR). *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West 2019), § 37.09(a)(1), (c) (West 2016). The trial court assessed her punishment at confinement for a term of ten years in the Institutional Division of the Texas Department of Criminal Justice for the conviction of

tampering with evidence and at confinement for a term of two years in the State Jail Division of the Texas Department of Criminal Justice for the conviction of theft. The trial court also assessed a $1,000 fine for each conviction and ordered that the sentences be served concurrently. In her sole issue in each appeal, Appellant asserts that the trial court erred when it sentenced her and denied her motion for new trial because Judge Jason Cashon did not have authority to complete the trial. We affirm.

*Background Facts*

Appellant entered her open pleas of guilty on November 13, 2017, before the Honorable Judge Donald R. Jones, Senior Judge of the 266th District Court of Erath County. Judge Jones presided that day pursuant to an "Order of Assignment by the Presiding Judge" signed by the Honorable David L. Evans, Presiding Judge of the Eighth Administrative Judicial Region of Texas. The Order of Assignment indicated that it was entered pursuant to Section 74.056 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 74.056(a), (b) (West 2013). The Order of Assignment provided that it was for a period of three days, beginning November 13, 2017, but that, "[i]f the judge begins a trial on the merits during the period of this assignment, the assignment continues . . . until plenary jurisdiction has expired or the undersigned Presiding Judge has terminated this assignment in writing, whichever occurs first."

After receiving and accepting Appellant's guilty pleas and admonishing her, Judge Jones found Appellant guilty of the two offenses. Judge Jones then advised the parties that the cases would be reset for a punishment hearing on December 11, 2017.

The Honorable Judge Jason Cashon presided over the punishment hearing on December 11, 2017. Judge Cashon is the sitting district judge of the 266th District Court of Erath County. Appellant did not object to Judge Cashon presiding over the punishment hearing. After receiving evidence on punishment, Judge Cashon assessed the punishment that we previously referenced. Appellant subsequently

2

filed motions for new trial. Appellant did not challenge Judge Cashon's authority in the motions for new trial. Judge Cashon denied Appellant's motions for new trial by written orders.

*Analysis*

Appellant asserts that the trial court erred when it sentenced Appellant and denied her motions for new trial because Judge Cashon did not have authority to complete the trial. Appellant asserts that Judge Jones had exclusive authority to conduct the punishment hearing and rule on the motions for new trial because his assignment was not terminated. We disagree.

First, we note that Appellant has not preserved this complaint for appellate review because she did not raise this complaint in a timely manner. *See* TEX. R. APP. P. 33.1. A complaint that a judge does not have authority to preside over a case must be raised by objection or complaint at trial in order to preserve the issue for appellate review. *Thull v. State*, 963 S.W.2d 879, 881 (Tex. App.—Texarkana 1998, no pet.); *see Davis v. Crist Indus., Inc.*, 98 S.W.3d 338, 342 (Tex. App.—Fort Worth 2003, pet. denied). Appellant failed to object to Judge Cashon presiding over the punishment hearing or Judge Cashon's consideration of the motions for new trial. Thus, Appellant failed to preserve this issue for appellate review. *See Thull*, 963 S.W.2d at 881. Moreover, even if Appellant preserved error, the records do not show that Judge Cashon lacked authority to conduct the punishment hearing and sentence Appellant or to rule on her motions for new trial.

The presiding judge of an administrative region is authorized to assign judges in the region to "try cases and dispose of accumulated business." GOV'T § 74.056(a). Visiting judges are generally assigned either to a particular case or for a period of time. *Hull v. S. Coast Catamarans, L.P.*, 365 S.W.3d 35, 41 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (citing *In re Republic Parking Sys., Inc.*, 60 S.W.3d 877, 879 (Tex. App.—Houston [14th Dist.] 2001, no pet.)). "The terms of the

3

assignment order control[] the extent of the visiting judge's authority and when it terminates." *Id.* (citing *Ex parte Eastland*, 811 S.W.2d 571, 572 (Tex. 1991) (per curiam)). "Typical assignment orders provide that the visiting judge's authority terminates on a date specified in the assignment order, or upon the occurrence of a specific event such as the signing of a judgment or ruling on a motion for new trial." *Id.* (citing *Beard v. Beard*, 49 S.W.3d 40, 49 (Tex. App.—Waco 2001, pet. denied)).

Although Appellant contends that her cases were assigned to Judge Jones, the assignment order did not assign Judge Jones to her cases, or any other specific cases. Instead, the order assigned Judge Jones to preside in the 266th District Court of Erath County for a period of three days, presumably over any cases coming before the court during that three-day period. *See* GOV'T § 74.059(a) (A judge sitting by order of assignment has all the powers of the judge of the court to which he is assigned.). While the Order of Assignment provided that it was to continue if Judge Jones began a "trial on the merits" during the three-day period, the very brief hearing to receive Appellant's guilty pleas did not constitute a trial on the merits. *See Howard v. State*, 690 S.W.2d 252, 253–56 (Tex. Crim. App. 1985) (determining that a magistrate's act of receiving an open plea of guilty did not constitute a trial on merits under the "Dallas County Magistrates Act"). Accordingly, Judge Jones's assignment to the 266th District Court expired under the terms of the Order of Assignment on November 16, 2017.

Judge Jones, as a visiting judge whose assignment had expired, did not have exclusive authority to conduct the punishment hearing in Appellant's cases, which would have precluded Judge Cashon, as the sworn and elected judge, from presiding over the punishment hearing in Appellant's cases. *See Davis*, 98 S.W.3d at 343. Thus, Judge Cashon had authority to assess Appellant's punishment and to sentence her accordingly. Additionally, it was proper for Judge Cashon to rule on the motions

for new trial because he presided over the punishment hearing and sentenced Appellant. Accordingly, we overrule Appellant's sole issue in each appeal.

*This Court's Ruling*

We affirm the judgments of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

August 30, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.