**In re COOK CHILDREN'S MEDICAL CENTER, Relator.**

**No. 2–00–376–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 1, 2000.

Cantey & Hanger, L.L.P., Ralph H. Duggins, Ken C. Cunningham, Fort Worth, for Relator.

Robert O. Fischel, Fort Worth, for Real Party in Interest.

Sara Ruth Spector, Fort Worth, Ad Litem.

Before DAY, LIVINGSTON, and GARDNER, JJ.

## OPINION

LIVINGSTON, Justice.

### I. INTRODUCTION AND HOLDING

In this original proceeding, we are asked to decide whether a trial court's actions in taking a case from another, assigned trial court were void. Because the assignment order had not expired, we hold that another trial court cannot unilaterally take a case back from a properly assigned trial court.

### II. BACKGROUND

On April 27, 1999, Elizabeth Perez, on behalf of her minor son Blake Perez, filed suit against Cook Children's Medical Center (the Hospital) for "negligent medical care." The suit was randomly assigned to Judge Paul Enlow's trial court, the 141st District Court of Tarrant County. *See* FORT WORTH (TEX.) CIV. DIST. CT. LOC. R. 1.03(a). Because the suit was filed as a "friendly suit" to prove up a settlement on Blake's behalf, Judge Enlow appointed Sara Spector to serve as Blake's guardian ad litem.

On April 11, 2000, the Hospital filed a motion to dismiss and a motion for sanctions based on the fact that Perez had not filed an expert report as required by the Medical Liability and Insurance Improvement Act. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Supp.2001). On May 11, the parties appeared in Judge Enlow's court for a hearing on the Hospi-

tal's motions, but because Judge Enlow was conducting a trial, Judge Tom Crum was presiding in Judge Enlow's place. Perez filed an objection to Judge Crum. *See* TEX. GOV'T CODE ANN. § 74.053 (Vernon 1998). The objection was presented to the Presiding Judge of the 8th Administrative Judicial Region, Judge Jeff Walker, who assigned Judge Bob McCoy, the trial judge of the 48th District Court of Tarrant County, to the 141st District Court. *See id.* § 74.056. The assignment was solely for May 11, but was to "continue thereafter so long as may be necessary for the assigned judge to complete trial of any cause begun during such period, and to pass on motions for new trial and all other matters growing out of any cause heard by the assigned judge during [May 11]."

Judge McCoy then heard the Hospital's motions on May 11. Later that same day, Judge McCoy issued a letter ruling, granting the motion to dismiss in part but giving Perez time to brief the court on whether the entire suit, including any intentional torts, had to be dismissed.

On May 25, Judge McCoy signed an order dismissing the entire suit and awarding attorneys' fees to the Hospital. The attorneys' fees were awarded against counsel for Perez and Blake "in a manner to be determined by the Court at a hearing" to be held on June 15. The hearing was later reset to July 6. On July 6 when the parties appeared in Judge McCoy's courtroom for the hearing, they were told by a clerk to go to Judge Enlow's courtroom. Judge Enlow then informed the parties that he was taking the case back from Judge McCoy. On July 31, Judge Enlow signed an order (1) rescinding and withdrawing Judge McCoy's May 25 dismissal order, (2) withdrawing Spector as Blake's guardian ad litem, and (3) stating that the Hospital could reset its motions for hearing before Judge Enlow.

The Hospital seeks mandamus relief from Judge Enlow's July 31 order. It argues that the order was void because Judge Enlow had not been formally reas-

signed and because the assignment order had not been terminated; thus, Judge Enlow's order was void or, alternatively, constituted an abuse of discretion. Thus, the primary issue we must decide is whether Judge Walker's assignment order under section 74.056 of the government code had expired, allowing Judge Enlow to take the case back.

## III. EFFECT OF ASSIGNMENT ORDER

The assignment to Judge McCoy was made under section 74.056 of the government code, which allows the presiding judge to assign judges in the region "to try cases and dispose of accumulated business." TEX. GOV'T CODE ANN. § 74.056(a). A judge assigned under this chapter of the government code has all the powers of the judge of the court to which he or she is assigned. *Taiwan Shrimp Farm Village Ass'n v. U.S.A. Shrimp Farm Dev., Inc.,* 915 S.W.2d 61, 67 (Tex.App.—Corpus Christi 1996, writ denied). Whether Judge Enlow had the power or authority to reassign the case to himself depends upon the basis of the assignment as well as the language of Judge Walker's assignment order. *See O'Connor v. Lykos,* 960 S.W.2d 96, 97–99 (Tex.App.—Houston [1st Dist.] 1997, orig. proceeding) (looking to specific language of assignment order to determine whether assigned judge's authority had terminated). Under the language of the assignment order to Judge McCoy, the assignment was specifically made under section 74.056 and was to continue after May 11 "so long as may be necessary ... to complete trial of any cause begun during such period, and to pass on ... all other matters growing out of any cause heard by [Judge McCoy] during [May 11]."

We hold this language authorized Judge McCoy to hear both the motion to dismiss and the motion for sanctions to their conclusion, which would necessarily include his plenary-power period after the dismissal order is final. *See, e.g., id.* at 98–99

(holding under similar assignment order, assignment continued until assigned judge granted a new trial); *Ex parte Holland,* 807 S.W.2d 827, 829 (Tex.App.—Dallas 1991, orig. proceeding [writ dism'd w.o.j.] ) (holding, under similar language in assignment order, authority of assigned judge expired with his plenary power over final judgment); *Starnes v. Chapman,* 793 S.W.2d 104, 106 (Tex.App.—Dallas 1990, orig. proceeding) (holding assignment order expired with assigned judge's plenary power); *Roberts v. Ernst,* 668 S.W.2d 843, 846 (Tex.App.—Houston [1st Dist.] 1984, orig. proceeding) (holding authority under assignment order expired with granting of new trial). Thus, because Judge McCoy had not completed ruling on "all other matters growing out of" the Hospital's motions, the assignment order had not expired. Accordingly, Judge Enlow did not have the authority to unilaterally transfer the case back to his court in the face of a continuing assignment order.

Perez argues that Judge Enlow had the authority to transfer the case back to his court and to withdraw Judge McCoy's rulings on the Hospital's motions under rule 330, which gives trial courts broad discretion to unilaterally transfer cases and proceedings and exchange benches or districts. Tex.R. Civ. P. 330. Further, the Texas Constitution and the government code provide that district courts may "exchange" benches "when they may deem it expedient" or "from time to time." Tex. Const. art. V, § 11; Tex. Gov't Code Ann. § 24.303(a). However, such a unilateral transfer has been held to be void where the transfer is attempted while the case is in the process of being tried. *De Zavala v. Scanlan,* 65 S.W.2d 489, 494 (Tex. Comm'n App.1933, judgm't adopted). In other words, Judge McCoy's jurisdiction under the assignment order was exclusive until it terminated by the terms of the assignment order. *See*

*Roberts,* 668 S.W.2d at 846 (rejecting argument that two judges had concurrent authority where case was assigned by presiding judge). Accordingly, we conclude that Judge Enlow's actions in taking the case back and withdrawing Judge McCoy's orders were void.

## IV. MANDAMUS RELIEF

We may issue mandamus relief when one court directly interferes with the jurisdiction of another. *Republic Royalty Co. v. Evins,* 931 S.W.2d 338, 341 (Tex. App.—Corpus Christi 1996, orig. proceeding). Mandamus relief is also appropriate when a trial court's order is void. *Gem Vending, Inc. v. Walker,* 918 S.W.2d 656, 658 (Tex.App.—Fort Worth 1996, orig. proceeding); *Hansen v. Sullivan,* 886 S.W.2d 467, 469 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding). Because Judge Enlow did not have the authority to transfer the case back to his court, his actions were void, and mandamus relief is appropriate. Thus, we conditionally grant mandamus relief. The writ will issue only if Judge Enlow fails to vacate his July 31, 2000 order and fails to return the case to Judge McCoy until the expiration of the assignment order.[1]

1. Because of our disposition, issues raised by Spector and Perez's former counsel are not yet ripe; thus, we do not address them.