## In re REPUBLIC PARKING SYSTEM OF TEXAS, INC., et al., Relators

### No. 14–01–00876–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 23, 2001.

---

Eric Lipper, Houston, for relator.

Bobbie G. Bayless, Houston, for respondents.

Panel consists of Chief Justice BRISTER and Justices FOWLER and SEYMORE.

## OPINION

SCOTT BRISTER, Chief Justice.

■ In this case, a visiting judge acting under a general assignment made several pretrial rulings and set a date for trial. When those plans fell apart, the sitting judge stepped in and resumed control of the case. Relators argue that, without an order from the regional presiding judge terminating the former assignment, they remain wedded to the former judge. Because we disagree, we deny relators' petition for writs of mandamus and prohibition.

Relators, Republic Parking System of Texas, Inc., Republic Parking System, Inc., James Berry, and Carlydia Berry ("Republic"), were sued in Harris County by Medical Tower, Ltd., in October of 1999. The case was randomly assigned to the 133rd District Court, and eventually set for trial on April 30, 2001.

Three days before the trial setting, Judge Olen Underwood, the presiding judge of the Second Administrative Judicial Region, assigned Judge Eric Andell [1] to the 133rd District Court.[2] The order of assignment stated:

---

**1.** Former justice of the First Court of Appeals.

**2.** The order actually assigned Justice Andell to the 11th District Court, the court of the

This assignment is for the period of one day, beginning the 30th day of April, 2001, provided that this assignment shall continue after the specified period of time as may be necessary for the assigned Judge to complete trial of any case or cases begun during this period, and to pass on motions for new trial and all other matters growing out of cases tried by the Judge herein assigned during this period.

On April 30th, Judge Andell called the case to trial, but because Republic's counsel was unavailable, the trial was reset until June. During May, Judge Andell heard and issued orders on several pretrial and discovery matters.

Before the case was called to trial in June, the Harris County courthouses suffered extensive damage in Tropical Storm Allison. Judge Andell reset the case for October, but again events intervened. A new appointment—emanating this time from Washington rather than Conroe—resulted in Judge Andell's departure from the jurisdiction.[3] Shortly thereafter, Judge McCorkle resumed control of the case. Republic asks us to prohibit Judge McCorkle from doing so without an order from the regional presiding judge, and declare void any orders he has issued since Judge Andell was appointed.[4]

■ Generally, visiting judges are assigned either for a period of time or for a particular case. *See, e.g., In re Canales,* 52 S.W.3d 698, 701 (Tex.2001) (noting that visiting judge was first assigned by general assignment to court for a period of time, and later by specific assignment to particular case). If the regional presiding judge's assignment here had been the latter, we would have little difficulty agreeing with Republic. If a specific judge is assigned to preside in a specific case, that assignment must be withdrawn before any other judge may do so.

But a general assignment to a court for a period of time is different. By its nature, the assignment does not continue indefinitely. The order of assignment in this case allowed the visiting judge to continue after the period only to complete a trial, or rule on post-trial motions on cases tried during the period. After the trials were over, so was the appointment. *See O'Connor v. Lykos,* 960 S.W.2d 96, 98 (Tex.App.—Houston [1st Dist.] 1997, orig. proceeding) (holding that assignment ended when visiting judge granted new trial); *Starnes v. Chapman,* 793 S.W.2d 104, 106 (Tex.App.—Dallas 1990, orig. proceeding) (holding that assignment ended upon appeal).

■ A visiting judge's term depends on the language used in the order of assignment. *See In re Eastland,* 811 S.W.2d 571, 572 (Tex.1991). If the order allows the assignment to continue on all matters "growing out of any cause heard," by hearing one motion the visiting judge may obtain exclusive jurisdiction for good. *See In*

---

presiding judge of the Civil Trial Division of the Harris County District Court, with a notation "Condition of Assignment: Civil Project Court (133rd)."

3. Judge Andell was appointed special counsel to U.S. Secretary of Education Rod Paige. John Williams, *Ex–Houston judge to be special counsel,* Houston Chronicle, July 4, 2001, at A22.

4. Republic's primary complaint seems to be an order barring it from designating additional expert witnesses. By deciding trial has not yet begun, our holding may affect that order's validity. *See H.B. Zachry Co. v. Gonzalez,* 847 S.W.2d 246, 246 (Tex.1993) (holding failure to timely designate expert before first trial setting did not bar designation when case was reset). But because the merits of that order are not directly challenged in this proceeding, we express no opinion on it.

*re Cook Children's Medical Center,* 33 S.W.3d 460 (Tex.App.—Fort Worth 2000, orig. proceeding) (holding judge of court could not revoke order of dismissal granted by visiting judge).[5] But in this case, Judge Andell's appointment expired on April 30th, except to complete trials begun or to rule on "matters growing out of cases tried."

■ Here, there is no question that Judge Andell did not begin trial of this case on April 30th. No jurors were questioned, no witnesses sworn—indeed, no action was taken other than to schedule a future date for hearing motions in limine and other pretrial matters. A trial has not begun if in fact jury selection or witness testimony will not commence for several weeks. *See General Motors Corp. v. Gayle,* 951 S.W.2d 469, 477 (Tex.1997) (holding jury request timely when, although judge announced trial had begun, testimony was postponed for several weeks). Thus Judge Andell's assignment to this case lapsed on April 30th, and nothing prevented Judge McCorkle from presiding and issuing further orders in the case.

The petition for writs of mandamus and prohibition are denied.

**5.** If a visiting judge hears motions on several cases during an assignment, we question whether it is wise to require the visiting judge—and only the visiting judge—to repeatedly return to handle all future matters (including trial) of those cases. If this were the norm, visiting judges would soon lose control of their schedules, and dockets would become irretrievably partitioned among the judges who could handle them. Because such an order is not before us, we need not address whether we agree with the *Cook* court's analysis.