John DAVIS, Appellant,

v.

CRIST INDUSTRIES, INC., Appellee.

No. 2–02–076–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 23, 2003.

Barry G. Johnson, Fort Worth, for appellant.

Pennington Baker, H. Allen Pennington, Jr., Fort Worth, for appellee.

PANEL B: CAYCE, C.J., GARDNER and WALKER, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

John Davis appeals from a take-nothing judgment rendered in favor of Crist Industries, Inc. In his sole point on appeal, Davis contends that the trial judge had no authority or jurisdiction to preside over the final days of trial in this case because a visiting judge assigned to her court began the trial. We will affirm.

The duly elected and sworn judge of the 352nd District Court is the Honorable Bonnie Sudderth. On September 17, 2001, the Honorable William Brigham was assigned to Judge Sudderth's court by the Honorable Bob McCoy, Acting Presiding Judge of the Eighth Administrative Judicial Region of Texas.[1] The assignment order provides in pertinent part,

Pursuant to Section 74.056, Texas Government Code, I assign the Honorable William Brigham, Senior Court of Appeals Judge to the

352nd District Court, Tarrant County, Texas.

This assignment is for the period beginning October 1st, 2001 and ending October 5th, 2001, provided that the assignment shall continue thereafter so long as may be necessary for the assigned judge to complete trial of any cause begun during such period, and to pass on motions for new trial and all other matters growing out of any cause heard by the assigned judge during such period.

The trial of this case began on Wednesday, October 3, 2001, with Judge Brigham presiding. A jury was selected and appellee Crist Industries, Inc., plaintiff below, began the presentation of its evidence. On the afternoon of October 5, the court recessed for the weekend.

On the following Monday, October 8, 2001, the trial resumed with Judge Sudderth presiding.[2] Neither party objected to Judge Sudderth sitting in the case.

On October 9, 2001, the defense rested, final arguments were made, and the case was submitted to the jury. The jury returned a take-nothing verdict the same day and judgment was rendered on the verdict. Davis timely moved for a new trial and then filed an untimely supplemental motion for new trial without leave of court, alleging the error presented in this appeal. The motion for new trial was overruled by operation of law and Davis filed this appeal.

Davis contends that Judge Sudderth had no authority to preside over the final two days of the trial of the case because Judge Brigham had exclusive authority and jurisdiction to try the case to conclusion in accordance with the assignment order. Therefore, Davis urges Judge Sudderth's

---

1. Judge McCoy is the judge of the 48th District Court, Tarrant County, Texas and was acting for the Honorable Jeff Walker, judge of the 96th District Court, Tarrant County, Texas, and Presiding Judge of the Eighth Administrative Judicial Region.

2. The record does not show why Judge Brigham did not appear to resume the trial.

actions were a nullity and resulted in the rendition of a void judgment.

■ The presiding judge of an administrative region is authorized to assign judges in the region to "try cases and dispose of accumulated business."[3] Generally, visiting judges are assigned either to a particular case or for a period of time.[4] The terms of the assignment order controls the extent of the visiting judge's authority and when it terminates.[5] Typical assignment orders provide that the visiting judge's authority terminates on a date specified in the assignment order, or upon the occurrence of a specific event such as the signing of a judgment or ruling on a motion for new trial.[6]

Here, the assignment order did not assign Judge Brigham to a particular case in the 352nd District Court. Instead, the order authorized Judge Brigham to sit on the court for the period of time between October 1, 2001 and October 5, 2001 and to complete any trial begun during this period. Because the trial of this case began during Judge Brigham's assigned time period, Judge Brigham was authorized by the terms of the order to complete the trial of the case.[7]

■ Contrary to Davis's contention, however, Judge Brigham did not have "exclusive" authority or "jurisdiction" to try the case. Under the Texas Constitution and the rules of civil procedure, more than one judge may exercise authority over a single case.[8] Absent language in Judge Brigham's assignment order specifically assigning him to the case, Judge Sudderth had the authority to complete the trial of the case in Judge Brigham's absence.[9] The terms of Judge Brigham's order did not preclude Judge Sudderth from exercising authority over the case when expedient.[10]

■ Further, Davis's challenge to Judge Sudderth's authority to act in this case does not present a *jurisdictional* issue, but, instead, presents a question about the *authority* she had as the judge of the court to try the case. A judge does not

---

3. TEX. GOV'T CODE ANN. § 74.056(a) (Vernon 1998). A judge assigned under this statute has all the powers of the presiding judge of the court to which he or she is assigned. *Taiwan Shrimp Farm Village Ass'n v. U.S.A. Shrimp Farm Dev., Inc.*, 915 S.W.2d 61, 67 (Tex.App.-Corpus Christi 1996, writ denied).

4. *In re Republic Parking Sys., Inc.*, 60 S.W.3d 877, 879 (Tex.App.-Houston [14th Dist.] 2001, orig. proceeding); *see In re Canales*, 52 S.W.3d 698, 700 (Tex.2001) (orig. proceeding) (noting that visiting judge was first assigned by general assignment and later by specific assignment).

5. *Ex parte Eastland*, 811 S.W.2d 571, 572 (Tex.1991) (orig. proceeding).

6. *Beard v. Beard*, 49 S.W.3d 40, 49 (Tex.App.-Waco 2001, pet. denied).

7. *Ex parte Holland*, 807 S.W.2d 827, 829 (Tex. App.-Dallas 1991, orig. proceeding [writ dism'd w.o.j]) (holding, under similar assignment order, that authority of assigned judge expired with his plenary power over final judgment).

8. *See* TEX. CONST. art. V, § 11 (district judges may exchange districts or hold court for each other when they deem it expedient); *see also* TEX.R. CIV. P. 330(e) (judges in counties with two or more district courts may, in their discretion, exchange benches or districts).

9. If Judge Brigham had been specifically assigned to preside in this case, however, his assignment would give him exclusive authority over the case and would have to be withdrawn before Judge Sudderth or any other judge could do so. *See Republic Parking Sys., Inc.*, 60 S.W.3d at 879.

10. *See* TEX. CONST. art. V, § 11; *cf. Beard*, 49 S.W.3d at 50 (assignment of one judge does not necessarily terminate the authority of a judge who was assigned earlier and whose assignment remains in effect).

have jurisdiction over a case outside the realm of the jurisdiction of the court in which she sits.[11] If a judge is disqualified by constitution or statute, it is not that the judge had no jurisdiction, but that the judge had no authority to act. If a putative judge does not have the prescribed qualifications to act or if a judge is disqualified because of relationship to the case or a party, then that judge has no authority, and her actions are a nullity.[12] If, however, the complaint is that the judge acted in a case without statutory or procedural authority, the alleged error is not void, but voidable, and must therefore be raised by objection or complaint to be preserved for appellate review.[13]

Davis does not contend that the *352nd District Court* did not have jurisdiction over this case or that Judge Sudderth was disqualified to sit as a judge in the case. Because neither the court's jurisdiction nor Judge Sudderth's qualifications are challenged, Davis's complaint raises only voidable error and is, therefore, waived because it was not raised by timely objection.[14]

■ Finally, Davis argues that our decision in *In re Cook Children's Medical Center*, 33 S.W.3d 460 (Tex.App.-Fort Worth 2000, orig. proceeding) is controlling and requires that we declare Judge Sudderth's actions void. In *Cook*, Judge Paul Enlow, the then duly elected and sworn judge of the 141st District Court,

Tarrant County, Texas, assumed authority over a case filed in his court after Judge Bob McCoy, who was assigned to Judge Enlow's court under an assignment order identical to the order here, entered an order dismissing the case. Judge Enlow overturned Judge McCoy's order and reinstated the case. In conditionally granting the relator's petition for writ of mandamus, we concluded, "Judge McCoy's *jurisdiction* under the assignment order was *exclusive* until it terminated by the terms of the assignment order."[15] We, therefore, held that Judge Enlow's actions "in taking the case back and withdrawing Judge McCoy's orders were *void*."[16]

On reexamination of *Cook*, we conclude that it was wrongly decided and should be overruled. The cases on which we relied in holding that Judge Enlow's actions were "void" because Judge McCoy had "exclusive jurisdiction" either involved the unilateral transfer of a case by one *court* to another *court*,[17] or action taken on a case by an assigned judge after his authority under an assignment order had ceased.[18] However, neither situation existed in *Cook*; Judge Enlow was not acting under the authority of an assignment order and the case over which he exercised his authority was not transferred to his court from another court. Thus, our reliance on *De Zavala* and *Roberts* was misplaced.

The real question in *Cook* was not, as we phrased it, whether Judge McCoy, as visit-

---

11. *Thull v. State*, 963 S.W.2d 879, 880–81 (Tex.App.-Texarkana 1998, no pet.).

12. *Id.* at 881.

13. *Id.; see Randel v. State*, 153 Tex.Crim. 282, 219 S.W.2d 689, 691–92 (1949) (complaint about transfer of case from one judge to another was waived where no objection was made at trial).

14. *See Thull*, 963 S.W.2d at 881; *see also* Tex.R.App. P. 33.1(a); *Randel*, 219 S.W.2d at 691–92.

15. 33 S.W.3d at 463 (emphasis supplied).

16. *Id.* (emphasis supplied).

17. *See De Zavala v. Scanlan*, 65 S.W.2d 489, 494 (Tex.1933).

18. *See Roberts v. Ernst*, 668 S.W.2d 843, 846 (Tex.App.-Houston [1st Dist.] 1984, orig. proceeding).

ing judge, had "exclusive jurisdiction" over the case under the terms of his assignment order, but whether the assignment order gave Judge McCoy exclusive *authority* over the case. We do not believe it did for the same reasons we have held that Judge Brigham did not have exclusive authority over this case under the terms of his assignment order. Just as Judge Brigham's order did not preclude Judge Sudderth from exercising her authority as judge of the 352nd District Court to complete the trial of this case, the terms of Judge McCoy's assignment order did not, alone, preclude Judge Enlow as judge of the 141st District Court from exercising his authority over the case in *Cook*. While Judge Enlow's actions may have constituted an abuse of discretion under the circumstances in *Cook*,[19] they were not void for want of jurisdiction or authority. Therefore, we overrule *Cook* to the extent it conflicts with this opinion.

We overrule Davis's sole point and affirm the trial court's judgment.

---

19. The constitution, statutes, and rules authorizing multiple judges to exercise authority over a single case rely upon judicial restraint and the assumption that judges will "communicate and cooperate with one another in a collegial fashion." *Republic Royalty Co. v. Evins*, 931 S.W.2d 338, 342 (Tex.App.-Corpus Christi 1996, orig. proceeding).