**In re TENET HEALTHCARE, LTD., d/b/a Brownsville Medical Center.**

No. 13–02–494–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 25, 2003.

Alex M. Miller, San Antonio, Ray R. Marchan, Watts & Heard, Brownsville, Steven M. Gonzalez, Law Office of Steven M. Gonzalez, McAllen, for Real Party In Interest.

Ferriel C. Hamby, Jr., Roger W. Hughes, Scott T. Clark, Will Hughes, Adams & Graham, Harlington, for Relator.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CASTILLO.

**Opinion**

Opinion by Chief Justice VALDEZ.

Relator, Tenet Healthcare, Ltd., d/b/a Brownsville Medical Center, filed a petition for writ of mandamus on September 5, 2002, complaining of the actions of the respondent, the Honorable Benjamin Euresti, Jr., presiding judge of the 107th District Court of Cameron County, Texas. Relator asked this Court to vacate respondent's order of July 24, 2002, in cause number 2000–1–129–C. Relator also filed a motion for temporary relief requesting, inter alia, that this Court stay all trial court proceedings in said cause, pending our review of the petition for writ of mandamus. On September 11, 2002, this Court stayed all trial court proceedings in cause number 2000–1–129–C, and, in a subsequent order on October 2, 2002, clarified the September 11, 2002 order allowing the respondent, Judge Euresti, to reduce his oral July 24, 2002 rendition to a written order. This Court further ordered the real parties in interest, Oralia Flores, et

al., to respond to relator's petition for writ of mandamus, which real parties in interest complied with by responding on September 19, 2002. This Court, having fully examined and fully considered said petition and response thereto, hereby DENIES relator's petition for writ of mandamus.

## Facts and Procedural History

This mandamus proceeding arises from a lawsuit for medical malpractice against Dr. Harold Randecker and negligent credentialing against relator, Tenet Healthcare, Ltd., d/b/a Brownsville Medical Center ("Tenet"). This case was assigned to the 197th District Court, of which respondent, the Honorable Migdalia Lopez, is the regular presiding judge.

Real parties in interest filed this lawsuit in 2000 and attempted to have it certified as a class action. The trial court requested discovery with regard to class certification. On February 2001, relator urged Judge Lopez to dismiss the lawsuit, or alternatively to sever the two claims into separate lawsuits. At that time, counsel for real parties in interest advised the court he was no longer attempting to have a class certified. Relator and Dr. Randecker sought to have the lawsuit dismissed, alleging the medical report filed was insufficient. *See* Tex.Rev.Civ. Stat. Ann., art 4590i (Vernon Supp.2003). On March 16, 2001, at the hearing to review these motions, Judge Lopez declined to rule on the motion to dismiss, stating that "since at this time for sure we know there is no certification, then I'm going to give you [180] days to begin as of today. I want him to reurge his motion [motion to dismiss]." Judge Lopez also denied the motion for severance, but stated she was inclined to grant severance after the parties entered a docket control order.

On April 4, 2001, Tenet filed a petition for writ of mandamus in this Court regarding Judge Lopez's denial of its motion to dismiss. This Court denied the request. Tenet filed a subsequent petition for writ of mandamus in the Texas Supreme Court on April 19, 2001. After requesting full briefing, the supreme court denied the petition on February 7, 2002.

On June 18, 2002, the trial court set a hearing for June 26, 2002, to review Tenet's second motion for severance. Judge Lopez was on vacation during the week of June 26, 2002. The Honorable Robert Barnes, assigned to preside as visiting judge for Judge Lopez from June 24–28, 2002, conducted the hearing. Judge Barnes inquired as to whether the real parties in interest had put up a bond. Counsel for real parties in interest stated that she did not know whether any bonds had been put up, but that two expert medical reports had been filed. After hearing arguments regarding the motion for severance, Judge Barnes stated, "[I]f the bonds have not been put in, I am going to dismiss this case because the statute calls for that." Judge Barnes then requested that Tenet prepare an order consistent with his dismissal of the case. Judge Barnes signed an order granting dismissal on June 26, 2002.

On July 16, 2002, the real parties in interest filed a motion to set aside the order of dismissal. The motion was set for hearing on July 22, 2002, and later reset by agreement for July 24, 2002. Judge Lopez was absent during the week of July 24, 2002. Consequently, a sitting Cameron County District Judge, the Honorable Benjamin Euresti, Jr., heard the motion. Tenet objected to Judge Euresti because he had not entered the order granting dismissal. Judge Euresti overruled the objection, and after hearing arguments from counsel, stated on the record that he was granting the motion to set aside the order of dismissal. Tenet filed a petition

for writ of mandamus, requesting this Court prohibit Judge Euresti from signing the order granting the motion to set aside, or alternatively, to vacate such order as void. On September 11, 2002, this Court stayed all trial court proceedings in cause number 2000–1–129–C, and in a subsequent clarifying order on October 2, 2002, allowed the Respondent, Judge Euresti to reduce his oral July 24, 2002 rendition to a written order. On October 9, 2002, this Court received a supplemental appendix from the real parties in interest, containing a copy of Judge Euresti's October 3, 2002 order granting plaintiff's and intervener's motion to set aside the order dismissing the case.

## Analysis

■ A visiting judge's term depends on the language used in the order of assignment. *See In re Eastland,* 811 S.W.2d 571, 572 (Tex.1991). The assignment to Judge Barnes was made under section 74.056 of the Texas Government Code, which allows the presiding judge to assign a judge to "try cases and dispose of accumulated business." TEX. GOV'T CODE ANN. § 74.056 (Vernon Supp.2003).

Judge Barnes' assignment stated as follows:

This assignment is for the period beginning **June 24, 2002,** and ending **June 28, 2002,** provided that it shall continue thereafter so long as may be necessary for the assigned judge to complete trial of any cause begun during such period, and to pass on motions for new trial and all other matters growing out of any cause heard by the assigned judge during such period. (Emphasis provided.)

The relator argues that we should follow the reasoning set forth in *In re Cook Children's Med. Ctr.,* 33 S.W.3d 460 (Tex.App.-

Fort Worth 2000, orig. proceeding), *overruled by Davis v. Crist Indus., Inc.,* 98 S.W.3d 338, 341 (Tex.App.-Fort Worth, 2003, no pet. h.). In *Cook,* the Second Court of Appeals held that the assignment order "authorized [the assigned judge] to hear both the motion to dismiss and the motion for sanctions to their conclusion, which would necessarily include his plenary-power period after the dismissal order is final." *Cook,* 33 S.W.3d at 462.

In *Davis,* the Second Court of Appeals, "on reexamination" of *Cook,* concluded that it was "wrongly decided and should be overruled." *Davis v. Crist Indus., Inc.,* 98 S.W.3d 338, 341 (Tex.App.-Fort Worth, 2003, no pet. h.). The *Davis* court held that the real question in cases such as these is not whether the visiting judge has "exclusive jurisdiction" over the case under the terms of the assignment order, but "whether the assignment order gave [the assigned judge] exclusive authority over the case. We do not believe it did for the same reasons we have held that [the assigned judge] did not have exclusive authority over this case under the terms of this assignment order." *Id.* The *Davis* court further opined that the assignment order did not preclude the assigned judge from exercising her authority as judge of the 352nd District Court to complete the trial of the case. *Id.*

■ The assignment order in the present case contains the same "so long as may be necessary" language as did the order in *Davis. Id.* at 340. We find the reasoning in *Davis* to be persuasive and hold that the assignment order in this case does not preclude Judge Migdalia Lopez from exercising her authority as the presiding judge of the 197th District Court, nor does it preclude other judges sitting during her absence,[1] from ruling on the motion to

---

1. The present case involves Judge Benjamin

Euresti, Jr., sitting in during Judge Lopez's

vacate the dismissal order and the motion for severance.

This Court further recognizes that denying judges the authority to rule on or dispose of cases merely because an assigned judge has issued a ruling on a pretrial matter would lead to absurd results. *See In re Republic Parking Sys. of Tex., Inc.*, 60 S.W.3d 877, 880 n. 5 (Tex. App.-Houston [14th Dist.] 2001, orig. proceeding) ("If a visiting judge hears motions on several cases during an assignment, we question whether it is wise to require the visiting judge—and only the visiting judge—to repeatedly return to handle all future matters (including trial) of those cases. If this were the norm, visiting judges would soon lose control of their schedules, and dockets would become irretrievably partitioned among the judges who could handle them.").

Accordingly, this Court DENIES relator's petition for mandamus.

absence the week of July 24, 2002.