Affirmed and Memorandum Opinion filed May 29, 2003









Affirmed and Memorandum Opinion filed May 29, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00138-CR

____________

 

WILLIE CLIFTON SHOLARS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 228th District Court

Harris County, Texas

Trial
Court Cause No. 886,348

 



 

M
E M O R A N D U M   O P I N I O N

Appellant
Willie Clifton Sholars challenges his aggregate-theft
conviction, arguing that the applicable assignment order required that he be
sentenced by the visiting judge who heard his guilty plea.  We affirm. 


I.
FACTUAL AND PROCEDURAL BACKGROUND








Appellant
was charged by indictment with aggregate theft of more than $200,000.  Without an agreed recommendation as to
sentencing, appellant pleaded guilty in the 228th District Court of Harris
County when the Honorable Mary Bacon was presiding.  When appellant pleaded guilty, Judge Bacon
was serving as a visiting judge in the trial court.  Judge Bacon withheld adjudication of guilt
and sentencing so that a presentence investigation
could be conducted.  After the Harris
County Community Supervision and Corrections Department prepared a presentence investigation report, appellant appeared again
in the 228th District Court of Harris County, but this time the Honorable Ted
Poe, the duly elected and sworn judge of that court, was presiding.  Appellant objected to proceeding further
before Judge Poe, arguing, among other things, that Judge Bacon was required to
assess punishment.  Judge Poe overruled
appellant=s objection, found appellant guilty of the offense, and, after
finding the enhancement paragraph to be true, assessed punishment at thirty
years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice and a $1,000 fine. 

II.  ANALYSIS AND DISCUSSION

In
his sole issue, appellant argues that Judge Bacon was required to preside over
the remaining proceedings in the trial court based on an assignment order.[1]  Appellant alleges that this order assigned
Judge Bacon to the 228th District Court of Harris County for a period of one
week, during which appellant alleges he pleaded guilty.  Appellant also asserts that the assignment
order states that this assignment would Acontinue after the specified period of time as may be necessary
for the assigned Judge to complete trial of any cases or cases begun during
this period, and to pass on motions for new trial and all other matters growing
out of cases tried by the Judge herein assigned during this period.@  Appellant claims that this language required
Judge Bacon to preside over the remaining proceedings, even after the one-week
period expired.








A
visiting judge=s term depends on the language of the assignment order.  In re Republic Parking Sys., Inc., 60
S.W.3d 877, 879 (Tex.
App.CHouston [14th Dist.] 2001, orig. proceeding). 
The appellate record in this case does not contain the assignment
order  upon which appellant bases his
sole issue on appeal.[2]  An appellate court cannot review contentions
that depend on factual assertions not contained within the record.  Janecka
v. State, 937 S.W.2d 456, 476 (Tex. Crim. App.
1996).  Assertions in an appellate brief
that are not supported by evidence in the record, cannot be accepted as
fact.  Id.  Disposition of appellant=s
issue depends entirely on the language of an assignment order not contained in
the record.  Therefore, we are in no
position to review it and overrule it on this basis.








Further,
even presuming the assignment order was in the appellate record and read as
appellant indicates in his brief, appellant=s complaint still would lack merit.  This court 
previously has stated that a defendant does not have the right to choose
his judge and that Aeven when one judge presides at trial, a defendant is not
entitled to have that same judge pronounce sentence.@  Benjamin v. State, 874 S.W.2d 132, 134
(Tex. App.CHouston [14th Dist.] 1994, no pet.) (rejecting involuntariness claim and finding it
proper for a different judge to pronounce sentence other than the one who heard
appellant=s plea of no contest). 
Appellant does not assert that Judge Bacon was assigned to this case
specifically;  rather, he claims that the
assignment order was for the one-week period of time during which appellant
pleaded guilty.  See In re Republic
Parking Sys., Inc., 60 S.W.3d at 879 (discussing
the two typical types of assignment orders). 
Although the assignment order described by appellant might have given
Judge Bacon the authority to proceed with adjudication of guilt and sentencing,
such an order would not have given Judge Bacon exclusive authority and would
not have deprived Judge Poe of his authority to proceed in this case.  See Davis v. Crist
Indus., Inc., 98 S.W.3d 338, 341 (Tex. App.CFort Worth 2003, no
pet. h.) (overruling In re Cook Children=s
Med. Ctr. case, relied on by
appellant, and explaining that absent case-specific assignment order or other
language in assignment order conferring exclusive authority, ordinary
assignment order for a specific period of time allows duly elected and sworn
judge to exercise authority over case and complete trial of the case, even
after trial had begun with visiting judge presiding); Beard v. Beard, 49
S.W.3d 40, 49B50 (Tex.
App.CWaco
2001, pet. denied) (disagreeing with assertion that two trial judges cannot
have authority over the same case at the same time); Eubanks v. State,
11 S.W.3d 279, 281 (Tex. App.CTexarkana 1999, no
pet.) (holding duly elected and sworn judge had authority to sign judgment,
even though visiting judge heard the motion to revoke and pronounced judgment
in open court); see also Benjamin, 874 S.W.2d at 134.  

Having
overruled appellant=s sole issue, we affirm the trial court=s
judgment. 

 

 

 

 

/s/        Kem
Thompson Frost

Justice

 

 

Judgment rendered and Memorandum Opinion
filed May 29, 2003.

Panel consists of Justices Yates, Anderson,
and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).  

 











[1]  The State
argues that appellant did not preserve error on this issue; however, after
reviewing the record, we conclude that appellant preserved error by
sufficiently asserting his complaint in the trial court and obtaining a ruling
on it.





[2]  The quote in
the preceding paragraph of this opinion was from appellant=s brief, in which he allegedly quotes the assignment
order, not from anything in the record.