**Joseph MANGONE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–03–198–CR.**

Court of Appeals of Texas, Fort Worth.

Jan. 6, 2005.

---

L. Patrick Davis, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Danielle A. LeGault, Jay Lapham, Asst. Criminal District Attorneys, Fort Worth, for state.

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

**OPINION**

JOHN CAYCE, Chief Justice.

Appellant Joseph Mangone complains that a visiting judge assigned to hear his case was without statutory authority to act after the jury was impaneled and sworn, and that, consequently, appellant's subsequent convictions are void and a new trial would violate his double jeopardy protections. Appellant requests that we set aside his convictions and order an acquittal. Because we hold that the visiting judge was authorized to preside over appellant's trial, we affirm the trial court's judgment.

On April 7, 2003, a jury was legally empaneled and sworn by visiting Judge David Cleveland of the 396th District Court, Tarrant County. Three days later, the jury found appellant guilty of one count of aggravated sexual assault of a child and two counts of indecency with a child. The jury returned verdicts of not guilty for the remaining counts of aggravated sexual assault of a child and sexual assault of a child.

Prior to commencement of the punishment phase on April 11, 2003, appellant discovered that the ending date of Judge Cleveland's assignment order had been changed from April 7, 2003 to April 11, 2003, and that visiting Judge C.C. "Kit" Cooke had been assigned to the court for the same time period, "beginning April 7th, 2003 and ending April 11th, 2003." Based on this information, appellant filed a motion for mistrial for lack of jurisdiction and a writ of prohibition petitioning Judge George Gallagher, the sitting judge of the 396th District Court, to order Judge Cleveland to "cease and desist" acting in the case.

At the hearing on appellant's motion for mistrial and writ of prohibition, Ouida Ste-

vens, administrative assistant to the Honorable Jeff Walker, presiding judge of the Eighth Administrative Judicial Region,[1] testified that under an order signed by Judge Walker on March 24, 2003, Judge Cooke was assigned to the 396th District Court beginning the week of April 7, 2003 and ending April 11, 2003. However, Stevens said that prior to the commencement of the trial of this case on April 7, Judge Cooke asked to be relieved from his assigned duties to take care of "some medical problems." Stevens then immediately made arrangements to assign Judge Cleveland to the court. After contacting Judge Cleveland and determining that he would be available to sit, Stevens prepared a written assignment order that showed April 7, 2003 as both its beginning and its ending date. When Stevens learned later that morning that Cooke would not be returning to finish the trial, she changed the ending date of Judge Cleveland's order by whiting out the original April 7 ending date, typing in the new April 11 date, and initialing the change. In the meantime, Judge Cleveland had commenced voir dire on the basis of "a verbal order." The written order with Stevens's initialed change was signed by Judge Walker later that afternoon.[2]

After the hearing, Judge Gallagher denied the motion for mistrial and presided over the remainder of the jury trial without objection by appellant. The jury assessed appellant's punishment at five years' confinement for one count of aggravated sexual assault of a child and two years' confinement for each of two counts of indecency with a child. The trial court sentenced him accordingly, with all sentences to run concurrently. This appeal followed.

In a single issue, appellant alleges:

### POINT OF ERROR

JUDGE GEORGE GALLAGHER'S ACT OF RESUMING CONTROL OF THE 396TH CRIMINAL DISTRICT COURT BY RELIEVING VISITING JUDGE DAVID CLEVELAND OF HIS PURPORTED AUTHORITY TO ACT OVER THE REMAINDER OF DEFENDANT'S TRIAL AFFIRMATIVELY DEMONSTRATED PROPER EXTRAORDINARY REMEDY OF PROHIBITION WHERE ASSIGNED JUDGE WAS WITHOUT STATUTORY AUTHORITY TO ACT IN DEFENDANT'S CASE AFTER JURY WAS LEGALLY EMPANELED AND SWORN, THUS VOIDING APPELLANT'S CONVICTION AND INVOKING DOUBLE JEOPARDY AND ITS PROTECTIONS.

 The presiding judge of an administrative region is authorized to assign judges in the region to "try cases and dispose of accumulated business."[3] Generally, visiting judges are assigned either to a particular case or for a period of time.[4] The terms of the assignment order control the extent of the visiting judge's

---

1. Stevens stated that her duties as administrative assistant for Judge Walker include assigning "under Judge Walker's supervision, [visiting] judges for 18 counties."

2. Although the original, unaltered order was not in the clerk's record, we ordered that the order be forwarded to this court for inspection. *See* Tex.R.App. P. 34.5(c)(1), (f) (providing that appellate court may order clerk's record be supplemented with "relevant items" and "original documents").

3. Tex. Gov't Code Ann. § 74.056(a) (Vernon 1998). A judge assigned under this statute has all the powers of the presiding judge of the court to which he or she is assigned. *Taiwan Shrimp Farm Village Ass'n v. U.S.A. Shrimp Farm Dev., Inc.*, 915 S.W.2d 61, 67 (Tex.App.-Corpus Christi 1996, writ denied).

4. *In re Republic Parking Sys., Inc.*, 60 S.W.3d 877, 879 (Tex.App.-Houston [14th Dist.] 2001, orig. proceeding); *see In re Canales*, 52 S.W.3d 698, 700 (Tex.2001) (orig. proceeding)

authority and when it terminates.[5] Typical assignment orders provide that the visiting judge's authority terminates on a date specified in the assignment order, or upon the occurrence of a specific event such as the completion of trial, the signing of a judgment, or a ruling on a motion for new trial.[6]

It is undisputed that Judge Cleveland was originally assigned by written order to the 396th District Court, Tarrant County, Texas "for the period beginning April 7th, 2003," the date he began the trial of this case. The order, however, contained the following printed language concerning the length of the assignment:

> [t]he assignment shall continue thereafter so long as may be necessary for the assigned judge to complete trial of any cause begun during such period, and to pass on motions for new trial and all other matters growing out of the cause heard by the assigned judge during such period.

Thus, according to the express terms of the written order, Judge Cleveland's assignment continued in force and effect "so long as may be necessary for [Judge Cleveland] to complete the trial of any cause begun during such period."

Because the trial of this case began during Judge Cleveland's assigned time period, Judge Cleveland was authorized by the written order to complete the trial of the case.[7] The fact that Stevens and Judge Walker changed the ending date of the written order after Judge Cleveland began the trial did not, as appellant contends, render the order null and void or deprive Judge Cleveland of the authority to complete the trial commenced on the beginning date of his assignment, which was unchanged.

Appellant argues that Judge Gallagher's "overt act of returning to and resuming the bench of his Court for the remainder of Defendant's trial affirmed Defendant's argument that Cleveland was without statutory authority to act and perfected [the] extraordinary remedy of prohibition," entitling him to an acquittal. We disagree. Under Texas law, two or more judges may exercise authority over a single case.[8] Judge Gallagher's decision to preside over the punishment phase of the trial after the appellant challenged Judge Cleveland's authority to do so is irrelevant to Judge Cleveland's lawful authority to preside over the case in Judge Gallagher's absence.[9]

For the foregoing reasons, we hold that Judge Cleveland's actions were undertaken with appropriate authority and are valid. We overrule appellant's sole point on appeal and affirm the trial court's judgment.

---

(noting that visiting judge was first assigned by general assignment and later by specific assignment).

5. *See Ex parte Eastland*, 811 S.W.2d 571, 572 (Tex.1991) (orig. proceeding).

6. *Beard v. Beard*, 49 S.W.3d 40, 49 (Tex.App.-Waco 2001, pet. denied).

7. *See Davis v. Crist Indus., Inc.*, 98 S.W.3d 338, 341 (Tex.App.-Fort Worth 2003, pet. denied).

8. *Id.; see* TEX. CONST. art. V, § 11; *Davila v. State*, 651 S.W.2d 797, 799 (Tex.Crim.App. 1983); *see also* TEX. GOV'T CODE ANN. § 74.094(a) (Vernon Supp.2004–05) (providing that a district judge may hear and determine matters pending in any district court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter, and his judgments, orders, or actions are valid and binding as if the case were pending in his own court).

9. *See Davis*, 98 S.W.3d at 341.