COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-198-CR
  
 
JOSEPH MANGONE                                                               APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM THE 396TH 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Joseph Mangone complains that a visiting judge assigned to hear his case was 
without statutory authority to act after the jury was impaneled and sworn, and 
that, consequently, appellant’s subsequent convictions are void and a new 
trial would violate his double jeopardy protections.  Appellant requests 
that we set aside his convictions and order an acquittal.  Because we hold 
that the visiting judge was authorized to preside over appellant’s trial, we 
affirm the trial court’s judgment.
        On 
April 7, 2003, a jury was legally empaneled and sworn by visiting Judge David 
Cleveland of the 396th District Court, Tarrant County.  Three 
days later, the jury found appellant guilty of one count of aggravated sexual 
assault of a child and two counts of indecency with a child.  The jury 
returned verdicts of not guilty for the remaining counts of aggravated sexual 
assault of a child and sexual assault of a child.
        Prior 
to commencement of the punishment phase on April 11, 2003, appellant discovered 
that the ending date of Judge Cleveland’s assignment order had been changed 
from April 7, 2003 to April 11, 2003, and that visiting Judge C.C. “Kit” 
Cooke had been assigned to the court for the same time period, “beginning 
April 7th, 2003 and ending April 11th, 2003.”  Based on this information, 
appellant filed a motion for mistrial for lack of jurisdiction and a writ of 
prohibition petitioning Judge George Gallagher, the sitting judge of the 396th 
District Court, to order Judge Cleveland to “cease and desist” acting in the 
case.
        At 
the hearing on appellant’s motion for mistrial and writ of prohibition, Ouida 
Stevens, administrative assistant to the Honorable Jeff Walker, presiding judge 
of the Eighth Administrative Judicial Region,[1] 
testified that under an order signed by Judge Walker on March 24, 2003, Judge 
Cooke was assigned to the 396th District Court beginning the week of April 7, 
2003 and ending April 11, 2003.  However, Stevens said that prior to the 
commencement of the trial of this case on April 7, Judge Cooke asked to be 
relieved from his assigned duties to take care of “some medical 
problems.”  Stevens then immediately made arrangements to assign Judge 
Cleveland to the court.  After contacting Judge Cleveland and determining 
that he would be available to sit, Stevens prepared a written assignment order 
that showed April 7, 2003 as both its beginning and its ending date.  When 
Stevens learned later that morning that Cooke would not be returning to finish 
the trial, she changed the ending date of Judge Cleveland’s order by whiting 
out the original April 7 ending date, typing in the new April 11 date, and 
initialing the change.  In the meantime, Judge Cleveland had commenced voir 
dire on the basis of “a verbal order.”  The written order with 
Stevens’s initialed change was signed by Judge Walker later that afternoon.[2]
        After 
the hearing, Judge Gallagher denied the motion for mistrial and presided over 
the remainder of the jury trial without objection by appellant.  The jury 
assessed appellant’s punishment at five years’ confinement for one count of 
aggravated sexual assault of a child and two years’ confinement for each of 
two counts of indecency with a child.  The trial court sentenced him 
accordingly, with all sentences to run concurrently.  This appeal followed.
        In 
a single issue, appellant alleges:
 
POINT OF ERROR
 
JUDGE GEORGE GALLAGHER’S ACT 
OF RESUMING CONTROL OF THE 396TH CRIMINAL DISTRICT COURT BY RELIEVING VISITING 
JUDGE DAVID CLEVELAND OF HIS PURPORTED AUTHORITY TO ACT OVER THE REMAINDER OF 
DEFENDANT’S TRIAL AFFIRMATIVELY DEMONSTRATED PROPER EXTRAORDINARY REMEDY OF 
PROHIBITION WHERE ASSIGNED JUDGE WAS WITHOUT STATUTORY AUTHORITY TO ACT IN 
DEFENDANT’S CASE AFTER JURY WAS LEGALLY EMPANELED AND SWORN, THUS VOIDING 
APPELLANT’S CONVICTION AND INVOKING DOUBLE JEOPARDY AND ITS PROTECTIONS.

        The 
presiding judge of an administrative region is authorized to assign judges in 
the region to “try cases and dispose of accumulated business.”[3]  Generally, visiting judges are assigned either to a 
particular case or for a period of time.[4]  The 
terms of the assignment order control the extent of the visiting judge’s 
authority and when it terminates.[5]  Typical 
assignment orders provide that the visiting judge’s authority terminates on a 
date specified in the assignment order, or upon the occurrence of a specific 
event such as the completion of trial, the signing of a judgment, or a ruling on 
a motion for new trial.[6]
        It 
is undisputed that Judge Cleveland was originally assigned by written order to 
the 396th District Court, Tarrant County, Texas “for the period beginning 
April 7th, 2003,” the date he began the trial of this case.  The order, 
however, contained the following printed language concerning the length of the 
assignment:
  
[t]he assignment shall continue thereafter so long as may be necessary for the 
assigned judge to complete trial of any cause begun during such period, and to 
pass on motions for new trial and all other matters growing out of the cause 
heard by the assigned judge during such period.
 

Thus, according to the express 
terms of the written order, Judge Cleveland’s assignment continued in force 
and effect “so long as may be necessary for [Judge Cleveland] to complete the 
trial of any cause begun during such period.”
        Because 
the trial of this case began during Judge Cleveland’s assigned time period, 
Judge Cleveland was authorized by the written order to complete the trial of the 
case.[7]  The fact that Stevens and Judge Walker 
changed the ending date of the written order after Judge Cleveland began the 
trial did not, as appellant contends, render the order null and void or deprive 
Judge Cleveland of the authority to complete the trial commenced on the 
beginning date of his assignment, which was unchanged.
        Appellant 
argues that Judge Gallagher’s “overt act of returning to and resuming the 
bench of his Court for the remainder of Defendant’s trial affirmed 
Defendant‘s argument that Cleveland was without statutory authority to act and 
perfected [the] extraordinary remedy of prohibition,” entitling him to an 
acquittal.  We disagree.  Under Texas law, two or more judges may 
exercise authority over a single case.[8]  Judge 
Gallagher’s decision to preside over the punishment phase of the trial after 
the appellant challenged Judge Cleveland’s authority to do so is irrelevant to 
Judge Cleveland’s lawful authority to preside over the case in Judge 
Gallagher’s absence.[9]
        For 
the foregoing reasons, we hold that Judge Cleveland’s actions were undertaken 
with appropriate authority and are valid.  We overrule appellant’s sole 
point on appeal and affirm the trial court’s judgment.
 
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
  
PANEL A:   CAYCE, 
C.J.; DAUPHINOT and GARDNER, JJ.
 
PUBLISH
 
DELIVERED: January 6, 2005

NOTES

1.  Stevens stated that her duties as administrative 
assistant for Judge Walker include assigning “under Judge Walker’s 
supervision, [visiting] judges for 18 counties.”
2.  
Although the original, unaltered order was not in the clerk’s record, we 
ordered that the order be forwarded to this court for inspection.  See 
Tex. R. App. P. 34.5(c)(1), (f) 
(providing that appellate court may order clerk’s record be supplemented with 
“relevant items” and “original documents”).
3.  Tex. Gov’t Code Ann. § 74.056(a) 
(Vernon 1998).  A judge assigned under this statute has all the powers of 
the presiding judge of the court to which he or she is assigned.  Taiwan 
Shrimp Farm Village Ass’n v. U.S.A. Shrimp Farm Dev., Inc., 915 S.W.2d 61, 
67 (Tex. App.—Corpus Christi 1996, writ denied).
4.  In 
re Republic Parking Sys., Inc., 60 S.W.3d 877, 879 (Tex. App.—Houston 
[14th Dist.] 2001, orig. proceeding); see In re Canales, 52 S.W.3d 698, 
700 (Tex. 2001) (orig. proceeding) (noting that visiting judge was first 
assigned by general assignment and later by specific assignment).
5.  See 
Ex parte Eastland, 811 S.W.2d 571, 572 (Tex. 1991) (orig. proceeding).
6.  Beard 
v. Beard, 49 S.W.3d 40, 49 (Tex. App.—Waco 2001, pet. denied).
7.  See 
Davis v. Crist Indus., Inc., 98 S.W.3d 338, 341 (Tex. App.—Fort Worth 
2003, pet. denied).
8.  Id.; 
see Tex. Const. art. V, § 
11; Davila v. State, 651 S.W.2d 797, 799 (Tex. Crim. App. 1983); see 
also Tex. Gov’t Code Ann. § 
74.094(a) (Vernon Supp. 2004-05) (providing that a district judge may hear and 
determine matters pending in any district court in the county regardless of 
whether the matter is preliminary or final or whether there is a judgment in the 
matter, and his judgments, orders, or actions are valid and binding as if the 
case were pending in his own court).
9.  See 
Davis, 98 S.W.3d at 341.