

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00374-CV

IN RE: ANASTACIO VASQUEZ, RELATOR

ORIGINAL PROCEEDING

December 5, 2013

## ON PETITION FOR WRIT OF MANDAMUS

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Anastacio Vasquez, relator, has filed an application for writ of mandamus wherein he requests that we "compel the Hon. Judge Green to rule on his DUE COURSE OF LAW COMPLAINT" (Complaint). We deny the application.

The complaint, filed with the district clerk of Lamb County, contains allegations against various elected officials of Lamb County, Texas, such as the district clerk and district judge. Through it, relator seeks a permanent injunction against the named defendants and a declaration that they denied him his right to due process.

We take judicial notice that the Hon. Gordon Green is the district judge of the 287th Judicial District. That district does not encompass Lamb County. *See* TEX. GOV'T. CODE ANN. § 24.464(a) (West 2004) (stating that the 287th Judicial District is

composed of Bailey and Parmer counties). Rather, the latter county is located within the 154th Judicial District of Texas. *Id.* § 24.253(a). We make this observation because relator has cited us to no authority disclosing that a judge of a particular judicial district is empowered to adjudicate cases filed in a county located outside his judicial district.

Nor do we find relators representation that "On Nov.19, 2012, the Hon.Judge Gordon Grenn [sic] was assign [sic] from Baily [sic] County, Texas, to perside [sic] over the Civil Case NO : DCV-18-493-12" sufficient to fill the void. While an administrative presiding judge may assign trial judges within the administrative region to adjudicate cases pending in another judge's venue, TEX. GOV'T. CODE ANN. § 74.056(b) (West 2013), the terms of the assignment order control the extent of the visiting judge's authority and when it terminates. *Mangone v. State*, 156 S.W.3d 137, 139-40 (Tex. App.—Fort Worth 2005, pet. ref'd). We do not have before us the terms of that supposed assignment order to verify the scope of Judge Green's supposed assignment. And, given that the assignment, if any, is most likely in writing, we would need the writing to determine its contents. *See* TEX. R. EVID. 1002 (stating that to prove the content of a writing, the original writing is required).

We also note that while the duty to rule on pending matters is ministerial, *In re Bates*, 65 S.W.3d 133, 134-35 (Tex. App.—Amarillo 2001, orig. proceeding), the trial judge has a reasonable time to do so. *Id.* And, it is incumbent upon a relator to prove that more than a reasonable time has expired. *Walker v. Packer*, 827 S.W. 2d 833, 837 (Tex. 1992); *see In re Smith*, 279 S.W.3d 714 (Tex. App.—Amarillo 2007, orig. proceeding) (discussing the indicia considered in determining whether that burden was met). This he has not done. Furthermore, no litigant is entitled to trial at the time he

2

selects. *In re Carter,* 958 S.W.2d 919, 924 (Tex. App.—Amarillo 1997, orig. proceeding). Rather, the trial court has the duty and corresponding power to control its docket and select which case to try. *Id.*

It would also be necessary for the relator to illustrate that the matter is ready for adjudication. But, the minimal record before us fails to show when the defendants named in the complaint were served or whether they had opportunity to conduct discovery or engage in any pertinent motion practice. And, relator's inclusion of a handwritten list of things purportedly contained in the file attributable to the Complaint (labeled appendix 2) does not fill the void given the absence of any dates or proof of its author or authenticity.

In short, relator has not carried the burden of establishing his entitlement to relief. *Walker v. Packer*, 827 S.W.2d at 837 (holding that the burden lies with the relator to provide a record establishing or otherwise proving his entitlement to relief). So we deny his petition.

Per Curiam